IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ASHENAZI LEGESSE<br>100 Schuyler Road, Apartment 103<br>Silver Spring, Maryland 20901 | )<br>)<br>)<br>) | |
| Plaintiff | )<br>) | Civil Action No.: |
| v. | )<br>) | |
| RITE AID CORP., et al.<br>30 Hunter Lane<br>Camp Hill, Pennsylvania  17011 | )<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441 et seq., Defendant Rite Aid Corporation hereby removes the entire civil action filed in the Superior Court of the District of Columbia, captioned Ashenazi Legesse v. Rite Aid Washington, D.C., et al., (Case No. 06-0001186), to this Court.  A copy of the Complaint is attached as Exhibit A.  As grounds for such removal, Defendant states as follows:

1.  The Complaint was filed in the Superior Court of the District of Columbia, Civil Division, on February 17, 2006.  Defendants received a copy of the Complaint on February 27, 2006.

2.  Plaintiff's Complaint purports to allege assault, battery, respondeat superior, and wrongful termination.  Plaintiff seeks compensatory damages in the amount of $1,000,000 for the alleged assault, battery, and wrongful termination (Counts I, II, and IV), as well as punitive damages in the amount of $250,000 for the alleged assault (Count I).

3. This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, which states in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
> (1) citizens of different states;
> …
> (c) For the purposes of this section and section 1441 of this title –
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principle place of business.

4. There is complete diversity, this Notice of Removal has been timely filed, and Plaintiff's Complaint seeks aggregate damages well in excess of $75,000, exclusive of interest and costs.

5. Plaintiff is a resident of the State of Maryland, as set forth in Paragraph 2 of his Complaint.

6. Defendant Rite Aid Corp. is incorporated in the state of Delaware with its principal place of business in Pennsylvania.

7. This action is properly removable to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1441(a), which permits a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to the "district court of the United States for the district and division embracing the place where such action is pending."

8. Written notice of this removal will be served promptly on Plaintiff's attorney, and a copy of said notice filed with the Clerk of the Superior Court of the District of Columbia as required by 28 U.S.C. § 1446(d) is attached as Exhibit B.

9. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), because it was filed less than thirty days from February 27, 2006, the date upon which Defendants first received a copy of Plaintiff's Complaint.

10. No previous Notice of Removal has been filed or made to this Court for the relief sought herein.

WHEREFORE, Plaintiff's action hereby is removed from the Superior Court of the District of Columbia, to the United States District Court for the District of Columbia, as provided by law.

Respectfully submitted,

*/s/ Barbara L. Johnson*

Barbara L. Johnson (D.C. Bar # 480189)
Courtney Mueller (D.C. Bar # 489134)
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1700
Attorneys for Defendant
Rite Aid Corporation

Dated: March 16, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March 2006, a copy of the foregoing Notice of Removal was served via UPS delivery to:

>Nigel L. Scott
>Scott & Yallery-Arthur
>7306 Georgia Avenue, N.W.
>Washington, D.C. 20012
>(202) 882-5770
>(202) 722-0040 (facsimile)

Counsel for Plaintiff

_____
Barbara L. Johnson