# Exhibit A

**CT CORPORATION**
A WoltersKluwer Company

Service of Process
Transmittal
02/24/2006
Log Number 510953167

RECEIVED ON
FEB 28 2006
HUMAN RESOURCES

RECEIVED
FEB 27 2006
LEGAL DEPT

| | |
|---|---|
| **TO:** | James Comitale<br>Rite Aid Corporation<br>30 Hunter Lane<br>Camp Hill, PA, 17011 |
| **RE:** | **Process Served in District of Columbia** |
| **FOR:** | Rite Aid of Washington, D.C., Inc. (Domestic State: DC) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Ashenazi Legesse, Pltf. vs. Rite Aid Washington, D.C., Dft.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Initial Order, Summons, Complaint and Jury Trial |
| **COURT/AGENCY:** | Superior Court of the District of Columbia, DC<br>Case # 06-0001186 |
| **NATURE OF ACTION:** | Employee Litigation - You are hereby notified that the Plaintiff has made a claim and is requesting judgment against you in the sum of $1,250,000.00 and such other and further relief as to the Court seems just and proper. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 02/24/2006 postmarked on 02/22/2006 |
| **APPEARANCE OR ANSWER DUE:** | 20 Days |
| **ATTORNEY(S) / SENDER(S):** | Nigel L. Scott<br>7306 Georgia Avenue, N.W.<br>Washington, DC, 20012<br>(202) 882-5770 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790335256524<br>Email Notification, James Comitale JCOMITALE@RITEAID.COM<br>Email Notification, Mark Hennessy MHENNESSY@RITEAID.COM |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br>**TELEPHONE:** | C T Corporation System<br>Mark Diffenbaugh<br>1015 15th Street, N.W.<br>Suite 1000<br>Washington, DC, 20005<br>202-572-3133 |

Page 1 of 1 / MH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
CIVIL DIVISION

ASHENAZI LEGESSE
   Vs.                                                          C.A. No.     2006 CA 001186 B
RITE AID WASHINGTON, DC

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge RUSSELL F CANAN
Date:  February 17, 2006
Initial Conference: 9:30 am, Friday, May 26, 2006
Location:  Courtroom 518
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

ASHENAZI LEGESSE

*Plaintiff*

Civil Action No. 06-0001186

vs.

RITE AID Serve: CT Corporation
1015 15th Street, N.W., Washington, D.C. 20005
*Defendant*

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

NIGEL L. SCOTT
_____
Name of Plaintiff's Attorney

7306 Georgia Avenue, N.W.
_____
Address

Washington, D.C. 20012
_____

(202) 882-5770
_____
Telephone

By _____
   Deputy Clerk

Date _____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (624-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

ASHENAZI LEGESSE
100 Schuyler Road, Apartment 103
Silver Spring, Maryland 20901

v.

RITE AID
WASHINGTON, D.C.

Serve: CT Corporation
1015 15th Street, N.W.
Washington, D.C. 20005
And
Mike (address and whereabouts unknown)
John Doe

Case no. _____

06-0001186

RECEIVED
Civil Clerk's Office
FEB 1 7 2006
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT

COMES NOW ASHENAZI LEGESSE (LEGESSE) by and through counsel, Nigel L. Scott, and for this cause of action states and alleges as follows:

### JURISDICTION

1. The jurisdiction of this Court is founded DC Code § 11-921 (1981 Ed).

### PARTIES

2. Plaintiff is a resident of the State of Maryland and at all times pertinent an employee of the Defendant, Rite Aid of Washington.

3. Defendant, Rite Aid of Washington is a District of Columbia Corporation that owned and operated a retail business establishment located at 1815 Connecticut Avenue, NW in the District of Columbia and at all times material to this action was conducting business in the District of Columbia.

4. Defendant Mike was at the time of the incident complained of an employee of the Defendant, Rite Aid and co-worker of the Plaintiff. There has been no contact between the Plaintiff and the Defendant Mike since the date of the incident.

## FACTS

5. The Plaintiff, Ashinazi Alene Legesse, an employee of the Defendant Rite Aid Corporation (Rite Aid) alleges that on February 5, 2005, he was brutally, physically assaulted and battered by a co-worker, Mike, (last name unknown) in the course of his employment at a Rite Aid facility located at 1815 Connecticut Avenue, N.W., Washington, D.C.

6. As a result of the assault and battery, Plaintiff sustained serious injuries and was forced to take a medical leave of absence from work.

7. Although he was cleared to return to work by his doctor, he was never told when, where and a date certain upon which to return to work after the incident.

8. As a result of the Defendant's failure to authorize his return to work, Plaintiff contends that he was terminated from his employment without just cause or reason.

9. Plaintiff further alleges that the Defendant Rite-Aid of Washington D.C. knew or should have known of the dangerous and violent propensities of the Defendant (Mike and taken action to prevent and protect him from the attack of the Defendant, Mike.

10. The sudden attack resulted in the Plaintiff being treated at the hospital for the injuries sustained as a result of the attack. In addition, the Plaintiff was diagnosed and treated for physical, psychological and emotional injuries that were directly and proximately caused by the attack.

11. As a result of the physical attack, the police was called to the place of employment and the co-worker arrested and charged with assault and battery upon the Plaintiff.

## Count I
## ASSAULT

12. On or about February 5, 2005, Plaintiff, an employee of Defendant Rite Aid Corporation, was assaulted by a co-worker, Mike, (full name unknown), an employee of Defendant Rite-Aid Corporation.

13. That on or about February 5, 2005, Plaintiff was placed in great fear and apprehension of his safety by the actions of his co-worker, Mike (last name unknown) in the trash room.

14. That the fear and apprehension resulted from the prior behavior of the attacker and his employer's refusal to intervene to prevent the co-worker from exhibiting his violent propensities, strange and unwarranted behavior toward the Plaintiff.

15. Plaintiff did not consent to Defendant's employee's actions.

16. As a direct and proximate cause of Plaintiff's actions, Defendant's failure and refusal to take corrective action to prevent co-worker's assaults Plaintiff was placed in great fear of his safety and well being and suffered physical, psychological and emotional injuries.

17. As a further direct and proximate cause of Defendant's conduct Plaintiff has expended personal funds for hospital and medical care and treatment, expenses for medical care and treatment, loss of earnings and the loss of ability to earn money. These

losses are either permanent or continuing in nature and Plaintiff continues to experience great pain and suffering from his injuries.

## Count II
## BATTERY

18. Plaintiff incorporates by reference each and every allegation contained in paragraph 1 through 17 of this complaint.

19. Co-worker engaged in unlawful harmful and offensive contact and touching of Plaintiff against his will.

20. As a direct and proximate result of Defendant Rite Aid's failure and refusal to take corrective action to protect the Plaintiff from the actions of the Defendant, Mike Plaintiff suffered bodily injury, pain and suffering, disability, mental anguish, loss of the capacity for the enjoyment of life.

21. As a further direct and proximate cause of Defendant's conduct Plaintiff has expended personal funds for hospital and medical care and treatment, expenses for medical care and treatment, loss of earnings and the loss of ability to earn money. These losses are either permanent or continuing in nature and Plaintiff continues to experience great pain and suffering as a result of the injuries

## Count III
## RESPONDEAT SUPERIOR

22. Plaintiff incorporates by reference each and every allegation contained in paragraph 1 through 21 of this complaint.

23. At the time the assault and battery that injured Plaintiff was committed by Defendant's employee, such employee was acting within the scope of his employment

duties and his tortuous conduct was therefore imputable to Defendant under the doctrine of respondent superior.

24. The assault and battery committed by Defendant's employee and which injured Plaintiff as described in paragraph   above was endorsed by the Defendant when it ignored Plaintiffs report of previous assault's by employee, thus such conduct is imputable to Defendant under the doctrine of respondent superior.

25. The imposition of punitive damages on Defendant for the outrageous tortious conduct of Defendant's employee is justified on the following grounds: Defendant exhibited reckless and wanton conduct in retaining the employee who committed the assault and battery after knowledge of the employee's proclivities to engage in such conduct.

## Count IV
## WRONGFUL TERMINATION

26. Plaintiff incorporates by reference each and every allegation contained in paragraph 1 through 25 of this complaint.

27. The Defendant failed and refused to allow the Plaintiff to return to work and to resume his prior employment position with the Defendant, Rite Aid after the Defendant recovered from the injuries sustained in the assault and battery.

28. The Defendant, Rite Aid owed a duty to the Plaintiff to return him to former employment position and to restore his pay and benefits but failed to do so.

27. The Defendant, Rite Aid breached its duty to the Plaintiff by failing to permit the Plaintiff to return to work either at his former place of employment or at another location.

WHEREFORE PLAINTIFF LEGESSE respectfully prays that the Court:

1. Enter a judgment in favor of the Plaintiff and against the Defendant, Rite Aid in the sum of $250,000.00 as compensatory damages for the assault.

2. Enter a judgment in favor of the Plaintiff and against the Defendant, Rite Aid in the sum of $250,000.00 as compensatory damages for the battery

3. Enter a judgment in favor of the Plaintiff and against the Defendant, Rite Aid in the sum of $250,000.00 as compensatory damages for the wrongful termination.

4. Enter a judgment in favor of the Plaintiff and against the Defendant, Rite Aid in the sum of $250,000.00 as punitive damages for the assault.

5. Enter a judgment in favor of the Plaintiff and against the Defendant, Rite Aid in the sum of $250,000.00 as compensatory damages for the battery.

6. Such other and further relief as to the Court seems just and proper.

Respectfully submitted,

_____
Nigel L. Scott, Esquire 214494
Scott & Yallery-Arthur
7306 Georgia Avenue, N.W.
Washington, D.C. 20012
(202) 882-5770
(202) 722-0040 Fax

## JURY TRIAL

Plaintiff demand a jury trial in all matters.