**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ASHENAZI LEGESSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06-CV-00495 |
| ) | |
| RITE AID CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**DEFENDANT RITE AID'S MOTION TO DISMISS
PLAINTIFF LEGESSE'S COMPLAINT
AND SUPPORTING MEMORANDUM OF LAW**

**I.   INTRODUCTION**

Plaintiff Ashenazi Legesse ("Plaintiff") worked for Defendant Rite Aid Corporation ("Rite Aid" or "Defendant"). On February 17, 2006, Plaintiff filed a Complaint in the Superior Court of the District of Columbia, Civil Division, attached hereto as Exhibit A, alleging that he was assaulted by a co-worker while at work, and that Rite Aid is liable for his damages under the theory of *respondeat superior.* Legesse also alleges that he was wrongfully terminated. Legesse seeks $1,250,000 in damages. Defendant timely filed a Notice of Removal, removing the matter to this Court based on the Court's diversity jurisdiction.

Legesse's Complaint is facially defective and, for the reasons articulated below, Rite Aid brings this Motion to Dismiss in accordance with Federal Rule of Civil Procedure 12(b)(6), and will demonstrate that Legesse's Complaint should be dismissed with prejudice and in its entirety.

**II.  PLAINTIFF LEGESSE'S COMPLAINT FAILS TO STATE A LEGAL CLAIM, AS A MATTER OF LAW, AND DISMISSAL OF LEGESSE'S COMPLAINT IS REQUIRED BY FRCP 12(b)(6).**

### A.  The Applicable Legal Standards

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint is to be "liberally construed in the plaintiff's favor, including any inferences derived from the factual allegations," *Slaby v. Fairbridge*, 3 F. Supp. 2d 22, 27 (D.D.C. 1998), but the Court "is not required to accept inferences unsupported by the facts" or "accept plaintiff's legal conclusions." *Id.* See also *Murphy v. PriceWaterhouseCoopers, LLP*, 357 F. Supp. 2d 230, 237-38 (D.D.C. 2004) (same). In its examination, the court may consider "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.,* 117 F.3d 621, 624-26 (D.C. Cir. 1997). In the end, the claims set forth in a complaint must be dismissed if they are not legally cognizable. *See Slaby,* 3 F. Supp. 2d at 27.

### B.  Plaintiff's Allegations of Assault and Battery are Time-Barred

Plaintiff claims that Defendant is responsible, under the doctrine of *respondeat superior*, for the assault and battery that Plaintiff allegedly suffered at the hands of Michael Checka. Pl. Comp., Counts I and II. According to the Plaintiff, the alleged assault and battery occurred on February 5, 2005. Plaintiff filed his Complaint on February 17, 2006.

Section 12-301 of the District of Columbia Code provides limitation periods for specific causes of action. Section 12-301(4) states that a cause of action for assault and/or battery may not be brought after the expiration of one (1) year. The Plaintiff's Complaint was filed on February 17, 2006 -- twelve days *after* the limitations period for assault and battery had expired.

Accordingly, Counts I and II of Plaintiff's Complaint, those counts alleging assault and battery, are time barred and, therefore, must be dismissed as a matter of law.

        **C.**      <u>**Plaintiff's Allegation of Wrongful Termination Fails to State a Claim**</u>

Plaintiff claims that Defendant wrongfully terminated Plaintiff's employment. In his Complaint, Plaintiff claims that Defendant "failed and refused to allow the Plaintiff to return to work" following the alleged physical altercation, and that Defendant "breached its duty to the Plaintiff" by failing to allow the Plaintiff to return to work. Pl. Comp. ¶¶ 27, 29. (Plaintiff's Complaint is numbered incorrectly. When citing to "¶ 29," Defendant is referring to the 29th paragraph of the Plaintiff's Complaint. This paragraph is numbered "27" despite the fact that it follows paragraph 28. For the sake of clarity, the paragraph to which Defendant refers when citing to "¶ 29" is the paragraph that reads "[t]he Defendant, Rite Aid breached its duty to the Plaintiff by failing to permit the Plaintiff to return to work either at his former place of employment or at another location.")

"It has long been settled in the District of Columbia that an employer may discharge an at-will employee at any time and for any reason, or for no reason at all." *See Dantley v. Howard Univ.*, 801 A.2d 962, 964 (D.C. 2002)(citing *Thigpen v. Greenpeace, Inc.*, 657 A.2d 770, 771 (D.C. 1995)). Plaintiff boldly asserts that Defendant owed Plaintiff a duty to return Plaintiff to his previous employment position following his extended leave of absence. Yet, Plaintiff fails to assert that he had anything other than an employment-at-will relationship with Rite Aid.

There exists no cause of action for "wrongful termination" in the District of Columbia absent a clear violation of public policy by the terminated employee's former employer. *See, e.g.*, *Freas v. Archer Services, Inc.*, 716 A.2d 998, 1000 (D.C. 1998). This public policy exception to the employment at-will doctrine has been very narrowly construed by the courts,

applied only in limited and specific circumstances. When addressing claims of wrongful termination in violation of public policy, District of Columbia courts have stated, repeatedly, that *only* those arguments reflecting a clear mandate of public policy will be seriously considered, i.e., "those [arguments] that make a clear showing, based on some identifiable policy that has been "officially declared" in a statute or municipal regulation, or in the Constitution, that a new exception is needed." *See Carl v. Children's Hosp.*, 702 A.2d 159, 164 (D.C. 1997)(en banc)(the court also stated that "there must be a close fit between the policy thus declared and the conduct at issue in the allegedly wrongful termination.").

For example, in *Adams v. George W. Cochran & Co.*, 597 A.2d 28 (D.C. 1991), the District of Columbia Court of Appeals found a public policy exception to the employment at-will doctrine where an employee was terminated because he refused to violate the law. In *Alder v. Columbia Historical Soc'y*, 690 F.Supp. 9 (D.D.C. 1988), this Court denied the defendant's motion to dismiss the plaintiff's wrongful termination claim. This court found that the plaintiff's claims implicated the District of Columbia's statutorily expressed policy against race and gender discrimination and that, if proven at trial, the plaintiff's claims would likely provide a public policy exception to the employment-at-will doctrine. In *Liberatore v. Melville Corp.*, 168 F.3d 1326 (D.C. Cir. 1999), the D.C. Circuit extended the pubic policy exception to a plaintiff who was terminated for threatening to report defendant's unlawful storage of drugs to the Federal Drug Administration.

The facts in this case are not analogous to *Adams*, *Adler*, nor *Liberatore*. Plaintiff has alleged no set of facts that would indicate that he was ever asked to violate the law, no set of facts implying discrimination, and no set of facts indicating that he threatened to report Defendant to any regulatory agency. As articulated above, District of Columbia courts have

made clear that the public policy exception to the employment-at-will doctrine is to be narrowly construed and will be extended only upon a clear showing that some identifiable policy has been violated. Here, Plaintiff has failed to articulate, or even allude to any such violation. Accordingly, even if Legesse has been terminated, as he alleges, Count IV of the Plaintiff's Complaint fails to state a claim for which relief can be granted and, as such, must be dismissed as a matter of law.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff's Complaint fails to state any claim upon which relief may be granted. Therefore, Rite Aid respectfully requests that Plaintiff Legesse's Complaint be dismissed with prejudice and in its entirety.

Respectfully submitted,

\_\_/s/ Barbara L. Johnson _____

Barbara L. Johnson (D.C. Bar # 480189)
Courtney Mueller (D.C. Bar # 489134)
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
875 Fifteenth Street, N.W.
Washington, D.C.  20005
(202) 551-1700

Attorneys for Defendant
Rite Aid Corporation

Dated:  March 23, 2006

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 23rd day of March, 2006, a copy of the foregoing Defendant Rite Aid's Motion to Dismiss Plaintiff Legesse's Complaint and Supporting Memorandum of Law and Proposed Order were filed via this Court's electronic filing system, and hand-delivered via courier on the 24th day of March, 2006 to:

>Nigel L. Scott
>Scott & Yallery-Arthur
>7306 Georgia Avenue, N.W.
>Washington, D.C.  20012
>(202) 882-5770 (telephone)
>(202) 772-0040 (facsimile)
>
>Counsel for Plaintiff

          /s/ Barbara L. Johnson
          Barbara L. Johnson