IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ASHENAZI LEGESSE | : | |
| | : | CASE NUMBER: 1:06CV00495 |
| Plaintiff, | : | JUDGE: Royce C. Lamberth |
| v | : | DOCK TYPE: Personal Injury/Malpractice |
| | : | |
| RITE AID CORP., et al. | : | DATE STAMP:  3/16/2006 |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW the Plaintiff, Ashenazi Legesse, by and through counsel, Nigel L. Scott and in Opposition to the Motion to Dismiss filed by the Defendant Rite Aid states as follows:

1.      That the Plaintiff's Complaint states a legally cognizable Complaint against the Defendants on the grounds of the general negligence of the Defendant in failing to provide a safe place of employment and negligent supervision of the assailant.

2.      That the allegations in Counts I and II of the Complaint was a result and stemmed from the negligent acts and omissions of the Defendant, its agents, employees and assigns and therefore is not time barred by a one-year statute of Limitations, but by a general three year statute of limitations.   Plaintiff's Complaint was filed well within the time proscribed by the three year statute.

3.      That Plaintiff's Complaint alleges facts and information sufficient to support the allegation that the Plaintiff was actually and/or constructively terminated from employment and without cause in violation of the District of Columbia Code § 2-1402.11(a)(1) and 2-1402.11(b).

4.      That in further support of the Opposition to the Motion to Dismiss Plaintiff refers the Court to the Memorandum of Points and Authorities in support of the Opposition.

WHEREFORE the premises considered, Plaintiff, through counsel, respectfully requests that the Court deny the Defendants Motion to Dismiss. Further, Plaintiff respectfully requests that the Court grant plaintiff leave to amend the Complaint and accepted the Amended Complaint filed herewith for filing.

Respectfully Submitted,

_____
Nigel L. Scott, Esquire
Bar No. 214494
SCOTT & YALLERY-ARTHUR
7306 Georgia Avenue, N.W.
Washington, D.C.  20012
(202) 882-5770
(202) 722-0040 Fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Opposition to Defendants Motion to Dismiss along with Memorandum of Points and Authorities and Order were mailed, postage prepaid to Barbara L. Johnson, Esquire and Courtney Mueller, Esquire, at PAUL, HASTINGS, JANOFSKY & WALKER, LLP, 875 15th Street, N.W., Washington, D.C.  20005, this \_\_\_\_\_ day of _____, 2006.

_____
Nigel L. Scott, Esquire

H:\nigel\PI\LEGESSE Ashenafi\4-7-2006 Opposition to Def Motion to Dismiss.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ASHENAZI LEGESSE | : | |
| | : | CASE NUMBER: 1:06CV00495 |
| Plaintiff, | : | JUDGE: Royce C. Lamberth |
| v | : | DOCK TYPE: Personal Injury/Malpractice |
| | : | |
| RITE AID CORP., et al. | : | DATE STAMP:  3/16/2006 |
| | : | |
| Defendants. | : | |

## MEMORANDUM OF POINTS AND AUTHORITIES

### FACTUAL BACKGROUND

On February 5, 2005, Plaintiff an employee of the Defendant, Rite Aid Corporation was the victim of an unprovoked assault and battery by a co-worker at their common work place in the District of Columbia.  Following the instant attack, the Plaintiff was taken to hospital for treatment and was released.  The abuse and discrimination by the co-worker had it origins prior to the February 5, 2005.  Prior to that date, the Plaintiff repeatedly complained to his supervisors about the abusive, threatening, insulting behavior of Mike, including the use of racial epithets, and slurs regarding his color, black and race, Ethiopian.  The Plaintiff complained that the Defendant often sprayed him with Lysol, these incidents were reported to the supervisors who took no action on the complaints.

### ARGUMENT

In the underlying Motion to Dismiss, the Defendants have asked the Court to dismiss the Plaintiff's complaint because it was filed beyond the one-year anniversary of the assaultive behavior that triggered the cause of action.  Here, Plaintiff admits, for the record, that the physical assault upon the Defendant by his co-worker, Mike occurred more than one year prior to

the filing of the Complaint in the Superior Court of the District of Columbia.  In fact, based upon the pleading filed by the Defendant, it appears that the parties are in agreement that a co-worker physically attacked the Plaintiff during the course of his employment on February 5, 2005.  However, Plaintiff asserts that he has a cause of action against the Defendant as a result of the Defendants negligence and breach of duty to the Plaintiff to provide a safe work environment free from physical and mental abuse and threats to his general safety and well-being, negligent supervision of the Defendant and his racial and discriminatory behavior in violation of D.C. Human Rights and for Infliction of Emotional Distress.

It is generally accepted that "a motion to dismiss for lack of jurisdiction must construe Plaintiffs' complaint in plaintiffs' favor, accepting all inferences that can be derived from the facts alleged.  *Jerome Stevens Pharm., Inc. v FDA, 402 F. 3d 1249, 1253(D.C. Cir. 2005).*  A motion under Rule 12(b)(6) to dismiss for failure to state a claim should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson, 355 U.S. 41, 45-46 (1957).*  "to that end, the complaint is construed liberally in the plaintiff's favor, and …plaintiff {receives} the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).*

Plaintiff's complaint alleged, *inter alia*, that prior to the occurrence of the assault and battery on February 5, 2005 that he informed his supervisors of the insulting, abusive and discriminatory behavior of the co-worker, Mike toward him, Plaintiff.  His complaints went unheeded.  Thus, he alleges that the Defendants either knew or should have known of the ongoing problems he encountered on the job, as they pertain to "Mike."  The most reasonable inference from the Defendants' failure to take any action in avoidance of the Plaintiff's work-

related problems is that the Defendants' were negligent in dealing with the problems presented by the employee, Mike. Since the Plaintiff's complaint does not allege that the Defendant, Rite Aid, itself, committed the assault and battery but that the assault and battery occurred because the Defendants were negligent in their failure to take corrective action to prevent the injury; the complaint falls under the general negligence section of D.C. Code §12-301, and does not fall under §12-301(4) of the D.C. Code as the Defendants asserts.

      Moreover, Plaintiff's complaint also states a cause of action for intentional infliction of emotional distress that is cognizable under the three-year limitation period of 12-301. In *Saunders v. Nemati, 580 A.2d 660, D.C. (1990),* the Court stated: "the specific issue before us is whether a cause of action for intentional infliction of emotional distress is governed by the one-year limitation for "libel, slander, assault, battery, mayhem, wounding, malicious prosecution, false arrest or false imprisonment," D.C. Code §12-301(4), or by the general three-year residuary provision applicable to causes of action" for which a limitation is not otherwise specially prescribed. 301(8)… We hold…an independent action for intentional infliction of emotional distress…is governed by the general residuary three-year limitation of section of 12-301(8).

      Plaintiff has amended its complaint to allege that the Defendant committed the tort of Intentional infliction of emotional distress independent of the assault and battery that occurred on February 5, 2005 because of the allegation that the Defendant Mike engaged in a pattern of behavior which was designed to traumatize and harm the Plaintiff, independent of the assault and battery that occurred on February 5, 2005. The assault and battery was only one in a series of acts which cumulatively caused the Plaintiff to suffer emotional distress. The Defendant Rite Aid's negligence in permitting the acts to continue even though they knew or should have known of the acts and the consequences of their negligent inaction. The foresee ability of the acts and

the inaction by the Defendant's agents, employees and assigns are cognizable as a cause of action under a three year Statute of Limitation.

For the foregoing reasons, the Plaintiff's complaint falls under the limitations period of D.C. Code §12-301(4), but is covered by the general three-year limitations period of D.C. Code §12-301.

### TERMINATION FROM EMPLOYMENT

The facts related to the Plaintiff's employment situation vis a vis the Defendant, Rite Aid are cloudy to say the least. It is unclear as to whether the Plaintiff was terminated from employment or merely placed on "extended leave" status, without pay. It is clear that from the date on which he was the victim of an unprovoked assault by his co-worker to the present, his employer did not permit him to return to work. Even though, he provided the employer with a doctor's certificate and called his supervisor on several occasions requesting to return to work, he was never allowed to do so.

Defendant has relied on the doctrine of employment at will to present an extensive argument to justify its refusal to permit the Plaintiff to return to work. However, the relationship between the parties, as it pertains to his right to return to work after an on the job injury, is not identical with the employers right to terminate an at will employee for any reason or for no reason. Moreover, in the situation presented the employer has never formally terminated the employee. Thus, the employee is in limbo as to his employment status as well as his right to maintain a cause of action for wrongful termination.

In this context, the dismissal of the Plaintiff's complaint under rule 12(b)(6) for failure a claim would give the Defendant an unfair advantage over the Plaintiff because the Defendant has not made the Plaintiff aware of his employment status. Under Rule 12(b)(6) Dismissal of the

Plaintiff's complaint is warranted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" *Owens v. Tiber Island Condominium Association, 373 A.2d 890,893 (D.C. 1977) see also, Conley v. Gibson, 355 U.S. 41, 45, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).* Courts have further held that "Any uncertainties or ambiguities involving the sufficiency of the complaint must be resolved in favor of the pleader, and generally, the complaint must not be dismissed because the court doubts that plaintiff will prevail." *McBryde v. Amoco Oil Co., 404 A 2d 200, 202 (D.C.) 1979.*

Admittedly, there is an uncertainty or ambiguity about the Plaintiff's employment status i.e. whether he has been terminated, on extended leave without pay or is in some other unexplained employment status. The Plaintiff has never received a statement or directive from the Defendant on the subject of his return to work. Therefore, the Plaintiff has a claim for determination by the court regarding his employment, or not, by the Defendant, Rite Aid. If the Plaintiff was terminated from the Defendant's employment, then, the Defendant, Rite Aid should proffer the reason(s) for his termination. If the Defendant still considers the Plaintiff to be an employee, then the Plaintiff deserves an explanation from the Defendant as to why he was not permitted to return to work.

The Defendants refusals to permit the Plaintiff to return to work is a violation of the District of Columbia Human Rights Law §2-1402.11 which prohibits an employer from discriminating against an employee on the grounds (eff "race, color, religion, national origin, sex, marital status, personal appearance, sexual orientation, gender identity or expression, family responsibilities, genetic information, disability." Plaintiff received a disabling injury on the job, although his doctor's certified his eligibility to return to work his employer would not permit him to do so. In this regard, Plaintiff believes that his employer's failure to heed his notice and to

take action against the Defendant, Mike was based on the supervisors discrimination against him because of his race and nationality.

Plaintiff's cause of action against the Defendant, Rite Aid is not co-terminus with his cause of action against the Defendant, Mike aka John Doe.  The cause of action against Mike stems from the physical assault and battery that occurred on February 5, 2005.  On the other hand, the cause of action against the Defendant, Right Aid stems from its failure to maintain a safe work environment and to protect the Plaintiff from known and foreseeable dangers and injuries at his place of employment.  The danger to the Plaintiff posed by the Defendant, Mike aka John doe was both known and foreseeable because of the openly threatening, abusive and discriminatory behavior exhibited by Mike, aka John doe to the Plaintiff and other non white workers.  Mike aka John Doe's threatening and abusive behavior was based on discrimination due to his national origin and his race, Ethiopian.

Moreover, the failure to supervise the Defendant, Mike, in light of his work related history presents a cause of action for negligence against the Defendant Rite Aid.

In light of the foregoing, Plaintiff respectfully requests that his complaint not be dismissed prejudice and that the Court permit the filing of the Amended Complaint filed herewith.

                                                            _____
Nigel L. Scott, Esquire
Bar # 214494
SCOTT & YALLERY-ARTHUR
7306 Georgia Avenue, N.W.
Washington, D.C.  20012
(202) 882-5770
(202) 722-0040 Fax

H:\nigel\PI\LEGESSE Ashenafi\4-3-06 Motion for enlargement of time.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ASHENAZI LEGESSE | : | |
| 100 Schuyler Road, Apartment 103 | : | |
| Silver Spring, Maryland  20901 | : | CASE NUMBER: 1:0CV00495 |
| | : | |
| Plaintiff, | : | JUDGE: Royce C. Lamberth |
| | : | |
| v | : | DECK TYPE: Personal Injury/Malpractice |
| | : | |
| RITE AID CORP., et al. | : | DATE STAMP:   3/16/2006 |
| 30 Hunter Lane | : | |
| Camp Hill, Pennsylvania 17011 | : | |
| | : | |
| Defendants. | : | |

## ORDER

UPON CONSIDERATION of the foregoing Plaintiff's Opposition to the Defendants' Motion to Dismiss, it is this _____ day of _____, 2006

ORDERED, that the Motion to Dismiss is DENIED, and it is

                                                                                                                                       JUDGE

Copies to:

| | |
|---|---|
| Nigel L. Scott, Esquire | Barbara L. Johnson, Esquire |
| SCOTT & YALLERY-ARTHUR | Courtney Mueller, Esquire |
| 7306 Georgia Avenue, N.W. | PAUL, HASTINGS, JANOFSKY & WALKER, |
| Washington, D.C.  20012 | 875 15TH Street, N.W. |
| | Washington, D.C.  20005 |

H:\nigel\PI\LEGESSE Ashenafi\4-3-06 Motion for enlargement of time.doc