IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ASHENAZI LEGESSE | : | |
| | : | |
| Plaintiff, | : | CASE NUMBER: 1:06CV00495 |
| | : | JUDGE: Royce C. Lamberth |
| v | : | DOCK TYPE: Personal |
| | : | |
| Injury/Malpractice | : | |
| RITE AID CORP., et al. | : | DATE STAMP:  3/16/2006 |
| | : | |
| Defendants. | : | |

## **AMENDED COMPLAINT**

COMES NOW, the Plaintiff, ASHENAZI LEGESSE (LEGESSE) by and through counsel, Nigel L. Scott, pursuant to Fed. R. Civ. Proc 15(a) requests leave of the Court to amend his Complaint in the above matter as follows:

### JURISDICTION

1.      The jurisdiction of this Court is based on 28 USC § 1332.  There is complete diversity between the Plaintiff and the Defendant Rite Aid.  The amount in controversy exceeds the sum of $75,000.00.

### PARTIES

2.      Plaintiff is a resident of the State of Maryland and at all times pertinent an employee of the Defendant, Rite Aid of Washington.

3.      Defendant, Rite Aid of Washington is a Delaware Corporation with principal place of business in Pennsylvania.  The Defendant owns and operates a retail business

1

establishment located at 1815 Connecticut Avenue, N.W. in the District of Columbia and at all times material to this action was conducting business in the District of Columbia.

4.  Defendant Mike aka John Doe, place of residence unknown, was at the time of the incident complained of an employee of the Defendant, Rite Aid and co-worker of the Plaintiff. There has been no contact between the Plaintiff and the Defendant Mike since the date of the incident.

## FACTS

5.  The Plaintiff, Ashinazi Alene Legesse, an employee of the Defendant Rite Aid Corporation (Rite Aid) alleges that on February 5, 2005, he was brutally, physically assaulted and battered by a co-worker, Mike, (last name unknown) in the course of his employment at a Rite Aid facility located at 1815 Connecticut Avenue, N.W., Washington, D.C.

6.  As a result of the assault and battery, Plaintiff sustained serious injuries. Because of the serious nature and extent of his injuries, he had to take a medical leave of absence from work. The physical attack upon the Plaintiff was the culmination of a series of incidents over a period of several months before the day of the assault in which the co-worker, Mike verbally abused, threatened to do body harm to the Plaintiff, insulted, used racial epithets regarding Plaintiff race, national origin and personal appearance in reference to the Plaintiff and generally caused disruption in the work-place. Defendant repeatedly sprayed the Plaintiff with Lysol spray. Although Plaintiff made repeated official reports to his manager Steve (last name unknown) and related the situation to his other co-workers, management took no corrective action to stop Mike's physical and verbal abuse and rude, insulting and demeaning behavior toward him. Plaintiff believes

that the supervisor non-response was due to his race and national origin and was therefore discriminatory.

7.  Plaintiff asserts that the Defendant Rite Aid was negligent in its failure to investigate and determine the nature and extent of the Defendant Mike's abusive and threatening behavior, to take action to stop the Defendant Mike from exhibiting his personal animus toward the Plaintiff and from violating his human rights.

8.  Plaintiff further avers and alleges that the actions of the Defendant Mike and his employer, Rite Aid, through its agents, employees and assigns, against him were based upon his race, black and his nationality, Ethiopian.

9.  That following the attack upon him by the Defendant, Mike, the Plaintiff was treated at the hospital and was referred to a private physician for treatment of his injuries. His treating doctors ordered him to stay away from work and to see a psychologist for treatment of his psychological and emotional injuries related to the incident relationship with his co-workers and his employers, through its agent, employees and assigns.

10. That after several weeks of rehabilitation he informed his supervisor of readiness to return to work and that he was advised by his doctors to return to work. However, his supervisor refused to allow him to return to work pending an investigation of the incident. Plaintiff believes that he was denied the opportunity to return to work pending an investigation because of his race, black and his national origin, Ethiopian.

11. That the Defendant's action in refusing to allowing his return to work pending an investigation were in violation of the District of Columbia Human Rights Act and were willful and intentional and calculated to cause him emotional stress and deprive him of his means of earning a livelihood.

12.     As a result of the Defendant's failure to determine and set reasonable terms and conditions for his return to work following his medical leave of absence, Plaintiff contends that he was constructively terminated from his employment without just cause or reason and denied an opportunity to earn a livelihood in violation of the D.C. Human Rights Act.

13.     Plaintiff further alleges that the Defendant Rite-Aid of Washington D.C. knew or should have known of the dangerous and violent propensities of the Defendant (Mike) and the Defendant, thought its agents, employees and assigns was negligent in its failure to take corrective action to protect him from the known violent propensities of the Defendant, Mike and to prevent the occurrence of the abusive pattern of behavior exhibited by the Defendant, Mike.

14.     The sudden attack resulted in the Plaintiff being treated at the hospital for the injuries sustained as a result of the attack. In addition, the Plaintiff was diagnosed and treated for physical, psychological and emotional injuries that were directly and proximately caused by the physical attack of February 5, 2005 and the pattern of behavior exhibited by the Defendant toward him.

15.     As a result of the physical attack, the police was called to the place of employment and the co-worker, Mike arrested and charged with assault and battery upon the Plaintiff.  All of the above occurred because of the negligence, negligent supervision and failure to maintain a safe working environment.

Count I
NEGLIGENCE

16. Plaintiff incorporates herein by reference the facts as alleged in paragraphs 1 - 15 of the Complaint.

17. On or about February 5, 2005, Plaintiff, an employee of Defendant Rite Aid Corporation, was assaulted and battered by a co-worker, Mike, (full name unknown), an employee of Defendant Rite-Aid Corporation.

18. That the assault and battery upon the Plaintiff was directly and proximately caused by the negligence of the Defendant Rite Aid, its agents, employees and assigns for failing to take such steps as were necessary to prevent the Defendant Mike from his continuing verbal abuse, threats and insults against Plaintiff.

19. That the Defendant Rite Aid was negligent in that it failed either directly or through its agents, employees and assignees to curb the known violent and abusive behavior of the Defendant Mike against the Plaintiff.

20. That the Defendant Rite Aid was negligent in that it received complaints and request for protection from the Plaintiff against the violent and abusive behavior of the Defendant Mike and failed to take any steps to prevent the continuing and ongoing violent, threatening, insulting and abusive behavior of the Defendant Mike.

21. That the Defendant through its agents, employees and assignees owed a duty to the Plaintiff not to expose the Plaintiff to known and foreseeable danger such as the assault and battery that occurred on February 5, 2005.

22. That the Defendant, its agents, employees and assignees was negligent and breached its duty to the Plaintiff by exposing the Plaintiff to the known and foreseeable

threat posed by the violent, abusive, threatening and insulting actions of the Defendant Mike, including the use of racial and discriminatory language.

23. That as a result of the breach of duty of the Defendant, its agents, employees and assigns on or about February 5, 2005, Plaintiff was placed in great fear and apprehension of his safety by the actions of his co-worker, Mike (last name unknown) in the trash room at his place of employment 1815 Connecticut Avenue, N.W., Washington, D.C.

24. That as a result of the breach of duty of the Defendant, its agents, employees, and assigns, the Plaintiff was viciously attached, assaulted and battered by the Defendant Mike as a result of his employer's refusal to intervene to prevent the co-worker from exhibiting his violent propensities, strange and unwarranted behavior toward the Plaintiff.

25. Plaintiff did not consent to Defendant's employee's actions and brought the acts of abuse and discrimination because of race and national origin to the Defendant's attention through its agents, employees and assigns to no avail.

26. As a direct and proximate cause of Plaintiff's actions, Defendant's failure and refusal to take corrective action to prevent co-worker's assaults Plaintiff was placed in great fear of his safety and well being and suffered physical, psychological and emotional injuries, including the intentional infliction of emotional distress.

27. As a further direct and proximate cause of Defendant's conduct Plaintiff has expended personal funds for hospital and medical care and treatment, expenses for medical and psychological care and treatment, loss of earnings and the loss of ability to earn money. These losses are either permanent or continuing in nature and Plaintiff continues to experience great pain and suffering from his injuries.

Count II

## FAILURE TO MAINTAIN A SAFE WORK ENVIRONMENT

28.     Plaintiff incorporates by reference each and every allegation contained in paragraph 1 through 27 of this Amended Complaint.

29.     That as a result of the negligence of the Defendant Rite Aid in failing to provide and maintain a safe working environment, the Plaintiff was assaulted and battered by his co-worker who also engaged in unlawful, harmful and offensive contact and touching of Plaintiff against his will.

30.     That based upon the Complaints to the Defendant Rite Aid, its agents, employees or assigns, the Defendant knew or should have known of the Defendant Mike's violent and dangerous propensities and had a duty to protect the Plaintiff from the actions of the Defendant, Mike and to provide a work environment that was free from the abusive, insulting and discriminatory behavior exhibited by the Defendant, Mike.

31.     As a direct and proximate result of Defendant Rite Aid's failure and refusal to take corrective action to protect the Plaintiff from the actions of the Defendant, Mike, Plaintiff suffered bodily injury, pain and suffering, disability, mental anguish, loss of the capacity for the enjoyment of life.

32.     As a result of the negligence of the Defendant Rite Aid in failing to maintain a safe working environment and to take the necessary step to protect the Plaintiff from the Defendant Mike's abusive, insulting and threatening behavior of a safe work environment free from the abusive, insulting and threatening behavior of the Defendant, Mike.

33.     That the Defendant Rite Aid breached its duty to the Plaintiff to provide and maintain a safe working environment free from the abusive, threatening and insulting

behavior of the Defendant, Mike and his supervisors discrimination against him on the grounds of race and national origin by failing to take corrective action to stop the racial and discriminatory practices of the Defendant, Mike.

34.     As a further direct and proximate cause of Defendant Rite Aid breach of duty to the Plaintiff and the resulting violent attack upon the Plaintiff by the Defendant Mike, the Plaintiff has expended personal funds for hospital and medical care and treatment, expenses for medical and psychological care and treatment, loss of earnings and the loss of ability to earn money.  These losses are either permanent or continuing in nature and Plaintiff continues to experience great pain and suffering as a result of the injuries

## Count III
## NEGLIGENT SUPERVISION

35.     That the Defendant directly or through its agents, employees and assignees owed a duty to the Plaintiff to provide adequate protection to the Plaintiff as an employee, including providing proper supervision of its employees at the jobsite.

36.     That the Defendant, Rite Aid directly or through its agents, employees and assignees were negligent in their supervision of the Defendant Mike in that they failed to take any steps to curb the abusive, threatening and insulting behavior, including the allegations of discrimination based upon race and national origin, even though they were informed of and known of Mike's repeated abusive and threatening behavior toward the Plaintiff such conduct is imputable to the Defendant Rite Aid because of their negligent supervision of the Defendant Mike.

37.     That as a direct result of the Defendant Rite Aid's negligent supervision of the Defendant Mike, Plaintiff was assaulted and battered by Defendant's employee, such

employee was acting within the scope of his employment duties and was therefore imputable to Defendant because of their negligent supervision of the Defendant Mike.

38. The imposition of punitive damages on Defendant for the outrageous tortious conduct of Defendant's employee is justified on the following grounds: Defendant exhibited reckless and wanton conduct in retaining the employee who committed the assault and battery after knowledge of the employee's proclivities to engage in such conduct and therefore the Defendant was negligent in supervising Defendant Mike.

## Count IV
## VIOLATION OF D.C. HUMAN RIGHT ACT

39. Plaintiff incorporates by reference each and every allegation contained in paragraph 1 through 38 of this complaint.

40. The Defendant failed and refused to allow the Plaintiff to return to work and to resume his prior employment position with the Defendant, Rite Aid after the Defendant recovered from the injuries sustained in the assault and battery.

41. The Defendant, Rite Aid owed a duty to the Plaintiff to return him to former employment position and to restore his pay and benefits but failed to do so.

42. The Defendant, Rite Aid breached its duty to the Plaintiff by failing to permit the Plaintiff to return to work either at his former place of employment or at another location.

43. That account of his injury on the jury the Plaintiff belonged to a protected class of workers that are protected from actual or constructive termination from employment by the employer during the course of or following an injury that occurred while in the course of his employment in violation of D.C. Human Rights 2-1402.11 et seq.

COUNT V
INFLICTION OF EMOTIONAL DISTRESS

44.     That as a direct and proximate result of the negligence and breach of duty of the Defendant, the Plaintiff suffered mental and emotional distress and pain and suffering as a direct result of and as a consequence of the assault and battery that occurred on February 5, 2005.

45.     That as a direct and proximate result of the Defendant's negligent supervision of the Defendant Mike and the resulting assault and battery upon the Plaintiff by the Defendant Mike, the Plaintiff suffered mental and emotional distress, pain and suffering and other injuries as a direct result and consequence of the assault and battery that occurred on February 5, 2005.

   WHEREFORE PLAINTIFF LEGESSE respectfully prays that the Court:

1.     Enter a judgment in favor of the Plaintiff and against the Defendant, Rite Aid in the sum of $250,000.00 as compensatory damages for the negligence resulting in the injuries sustained by the Plaintiff.

2.     Enter a judgment in favor of the Plaintiff and against the Defendant, Rite Aid in the sum of $250,000.00 as compensatory damages for the failure to maintain a safe work environment resulting the injuries sustained by the Plaintiff.

3.     Enter a judgment in favor of the Plaintiff and against the Defendant, Rite Aid in the sum of $250,000.00 as compensatory damages for the Defendant's negligent supervision of the Plaintiff's co-worker, Mike resulting in the injuries sustained by the Plaintiff.

4.      Enter a judgment in favor of the Plaintiff and against the Defendant, Rite Aid in the sum of $250,000.00 as punitive damages for failure to maintain a safe work environment.

5.      Enter a judgment in favor of the Plaintiff and against the Defendant, Rite Aid in the sum of $250,000.00 as compensatory damages for intentional infliction of emotional distress.

6.      Such other and further relief as to the Court seems just and proper.

Respectfully submitted,

_____
Nigel L. Scott, Esquire
Bar No:  214494
Scott & Yallery-Arthur
7306 Georgia Avenue, N.W.
Washington, D.C. 20012
(202) 882-5770
(202) 722-0040 Fax

## JURY TRIAL

Plaintiff demands a jury trial in all matters.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Amended Complaint was mailed, postage prepaid to Barbara L. Johnson, Esquire and Courtney Mueller, Esquire, at PAUL, HASTINGS, JANOFSKY & WALKER, LLP, 875 15th Street, N.W., Washington, D.C. 20005, this _____ day of _____, 2006.

                                                  _____
                                                  Nigel L. Scott, Esquire