IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASHENAZI LEGESSE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:06-CV-00495 |
| RITE AID CORPORATION, *et al.*, | ) |
| Defendants. | ) |

**DEFENDANT RITE AID'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

### I. INTRODUCTION

In response to Rite Aid's Motion to Dismiss, Plaintiff Legesse filed Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opposition"). The Opposition is, in effect, an admission that Rite Aid's Motion to Dismiss must be granted, because Legesse fails to address Rite Aid's arguments as to why the three causes of action set forth in Legesse's Complaint, assault, battery, and wrongful termination, should be dismissed. Rather, Legesse's Opposition sidesteps the arguments in Rite Aid's Motion to Dismiss and raises, for the first time, factual allegations and causes of action that have now been set forth in a proposed amended complaint. Thus, for the reasons articulated more fully below, Defendant asks that this Court grant Defendant's Motion to Dismiss.

## II. ARGUMENT

### A. Counts I and II of Plaintiff's Complaint Must be Dismissed as a Matter of Law Because the Claims for Assault and Battery are Time Barred.

In his Complaint, Legesse claims that Defendant is responsible for the assault and battery that Plaintiff allegedly suffered on February 5, 2005. Plaintiff filed his Complaint on February 17, 2006. Section 12-301(4) of the District of Columbia Code provides that causes of action for assault and battery may not be brought after the expiration of one (1) year. Plaintiff's Complaint was filed twelve days after the expiration of the one year statute of limitations. Therefore, Plaintiff's claims for assault and battery are time barred. Indeed, even Plaintiff admits that his claims for assault and battery are time barred. (Opposition p. 1).

Despite the fact that Plaintiff's Complaint clearly articulated causes of action for assault and battery, Plaintiff would now have this Court believe that he _meant_ to plead negligence – a cause of action for which Plaintiff is not time barred. It matters not what Plaintiff _meant_ to plead, but rather what Plaintiff did, in fact, plead. Here, in Counts I and II of Plaintiff's Complaint, Plaintiff clearly and unambiguously articulated claims for _assault_ and _battery_. In fact, Plaintiff did not use the word "negligence" at any point in his Complaint. Any inference that Plaintiff _meant_ to plead negligence is, quite simply, insupportable and unreasonable. It is indisputable that, in the District of Columbia, causes of action for assault and battery may not be brought after the expiration of one year. It is similarly indisputable (and uncontested) that Plaintiff filed his Complaint after the expiration of the applicable one year statute of limitations. Thus, Counts I and II of Plaintiff's Complaint must be dismissed as a matter of law.

> B.   **Count IV of Plaintiff's Complaint Must be Dismissed for Failure to State a Claim.**

A court will grant a motion to dismiss for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Accordingly, at this stage in the proceedings, a court accepts as true all of the complaint's factual allegations and draws all reasonable inferences in favor of the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the defendant is entitled to judgment if there are no allegations in the complaint which, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

In his Complaint, Legesse claims that Rite Aid "wrongfully terminated" his employment. There exists no cause of action for "wrongful termination" in the District of Columbia absent a clear violation of public policy by the terminated employee's former employer. *See, e.g., Freas v. Archer Services, Inc.*, 716 A.2d 998, 1000 (D.C. 1998). This public policy exception to the employment-at-will doctrine has been very narrowly construed by the courts and applied only in limited and specific circumstances. *Id.* The facts alleged by Plaintiff in his Complaint simply do not warrant an extension of the public policy exception.

To support his claim for wrongful termination, Plaintiff alleged that Defendant "failed and refused to allow the Plaintiff to return to work" following an assault and battery and that Defendant "breached its duty to the Plaintiff" by failing to allow Plaintiff to return to work. Pl. Comp. ¶¶ 27, 29.[1] These allegations are wholly insufficient to support a claim for wrongful

---

[1] Plaintiff's Complaint is numbered incorrectly. When citing to "¶ 29," Defendant is referring to the 29th paragraph of the Plaintiff's Complaint. This paragraph is numbered "27" despite the

(continued...)

termination in the District of Columbia because they do not implicate a violation of any statutorily enunciated public policy. To sustain a claim for wrongful termination in the District of Columbia, Plaintiff would have to demonstrate that Defendant breached some identifiable policy that has been "officially declared in a statute or municipal regulation, or in the Constitution." *See Carl v. Children's Hosp.*, 702 A.2d 159, 164 (D.C. 1997)(en banc)(the court also stated that "there must be a close fit between the policy thus declared and the conduct at issue in the allegedly wrongful termination").

Plaintiff, here, alleges only that that Defendant failed to allow Plaintiff to return to work after an alleged assault and battery. Despite failing to plead any additional facts in support of his claim of wrongful termination, Plaintiff would now have this Court believe that he <u>meant</u> to allege that he was terminated because of his race and/or his national origin. Again, Defendant submits that it does not matter what Plaintiff meant to plead. All that matters, with respect to the disposition of the Motion to Dismiss, are those facts that the Plaintiff did plead in his Complaint. Plaintiff alleged "wrongful termination" and, in support thereof, claimed only that Defendant failed to return him to work after an alleged assault and battery. At no point in his Complaint did Plaintiff allege, or even insinuate, that Defendant discriminated against him in any way. In fact, at no point in his Complaint did Plaintiff use the words "discriminate" or "race" or the term "national origin."

---

(...continued)
fact that it follows paragraph 28. For the sake of clarity, the paragraph to which Defendant refers when citing to "¶ 29" is the paragraph that reads"[t]he Defendant, Rite Aid breached its duty to the Plaintiff by failing to permit the Plaintiff to return to work either at his former place of employment or at another location."

Because Plaintiff failed to articulate, or even allude to, any set of facts that arguably resemble a violation of a statutorily or Constitutionally declared public policy, Plaintiff's Complaint simply does not establish the elements necessary to sustain a cause of action for wrongful termination in the District of Columbia.  Thus, Count IV of Plaintiff's Complaint must be dismissed as a matter of law for failure to state a claim upon which relief can be granted.

### III. CONCLUSION

For the reasons set forth above and for those reasons articulated in Defendant's Motion to Dismiss, Plaintiff's Complaint is facially defective as it fails to state any claim upon which relief can be granted.  Therefore, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice and in its entirety.

Respectfully submitted,

   /s/ Barbara L. Johnson              

Barbara L. Johnson (D.C. Bar # 480189)
Courtney Mueller (D.C. Bar # 489134)
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
875 Fifteenth Street, N.W.
Washington, D.C.  20005
(202) 551-1700

Attorneys for Defendant
Rite Aid Corporation

Dated:  April 24, 2006

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2006, I electronically transmitted the foregoing Defendant Rite Aid's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss via this Court's CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

>Nigel L. Scott
>Scott & Yallery-Arthur
>7306 Georgia Avenue, N.W.
>Washington, D.C.  20012
>(202) 882-5770 (telephone)
>(202) 772-0040 (facsimile)
>
>Counsel for Plaintiff

　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Barbara L. Johnson    
　　　　　　　　　　　　　　　　　　　　　　　　Barbara L. Johnson