IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASHENAZI LEGESSE | : |
| Plaintiff, | : |
| v. | : CASE NUMBER: 1:06CV00495 |
| | : JUDGE: Royce C. Lamberth |
| | : DOCK TYPE: Personal |
| RITE AID, et al. | : |
| | : DATE STAMP: 3/16/2006 |
| Defendants | : |

### DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Rite Aid, Inc. (the "Defendant"), by and through counsel, submits its Answer and Defenses to Plaintiff's Amended Complaint filed by Plaintiff Ashenazi Legesse ("Plaintiff"). Rite Aid hereby answers the Amended Complaint as follows:

1. In response to Paragraph 1 of the Amended Complaint, the Defendant admits that the Plaintiff invokes the jurisdiction of this Court. To the extent that Paragraph 1 of the Amended Complaint states any legal conclusions, no response by the Defendant is required. To the extent that Paragraph 1 of the Amended Complaint contains factual allegations, they are denied.

2. In response to Paragraph 2 of the Plaintiff's Amended Complaint, the Defendant avers that the phrase "at all times pertinent" is too vague to permit a meaningful response. Defendant avers that the Plaintiff was an employee of Rite Aid. The Defendant is without knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Amended Complaint and, therefore, denies those allegations.

3. The Defendant admits the allegations contained in Paragraph 3 of the Amended Complaint.

4. In response to Paragraph 4 of the Amended Complaint, the Defendant admits the allegations contained in the first sentence of Paragraph 4. The Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 4 of the Amended Complaint and, therefore, denies those allegations.

5. In response to Paragraph 5 of the Amended Complaint, the Defendant admits that the Plaintiff was employed by the Defendant on February 5, 2005. The Defendant denies the remaining allegations contained in Paragraph 5 of the Amended Complaint.

6. In response to Paragraph 6 of the Amended Complaint, the Defendant admits that the Plaintiff took a "medical leave of absence from work." The Defendant denies the remaining factual allegations contained in Paragraph 6 of the Amended Complaint. To the extent Paragraph 6 contains legal conclusions, no response by the Defendant is required.

7. Paragraph 7 of the Amended Complaint states a legal conclusion to which no response by the Defendant is required. To the extent that Paragraph 7 contains factual allegations, they are denied.

8. The Defendant denies all allegations in Paragraph 8 of the Amended Complaint.

9. In response to Paragraph 9 of the Amended Complaint, the Defendant admits, based on information available to it, that the Plaintiff sought and received medical attention on or about February 5, 2005. The Defendant denies that the Plaintiff was attacked. The Defendant is without knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Amended Complaint and, therefore, denies all remaining allegations.

10. In response to Paragraph 10 of the Amended Complaint, the Defendant admits that it conducted an investigation into the February 5, 2005 incident. The Defendant denies all remaining allegations contained in Paragraph 10 of the Amended Complaint.

11. Paragraph 11 of the Amended Complaint states a legal conclusion to which no response by the Defendant is required. To the extent that Paragraph 11 contains factual allegations, they are denied.

12. Paragraph 12 of the Amended Complaint states a legal conclusion to which no response by the Defendant is required. To the extent that Paragraph 12 contains factual allegations, they are denied.

13. Paragraph 13 of the Amended Complaint states a legal conclusion to which no response by the Defendant is required. To the extent that Paragraph 13 contains factual allegations, they are denied.

14. In response to Paragraph 14 of the Amended Complain, the Defendant denies that the Plaintiff was attacked while at work at the Defendant's place of business. The Defendant is without knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Amended Complaint and, therefore, denies the remaining allegations.

15. In response to Paragraph 15 of the Amended Complaint, the Defendant denies that the Plaintiff was physically attacked while working at the Defendant's place of business. The Defendant further denies that the police were called. The Defendant admits the remaining allegations in the first sentence of Paragraph 15 of the Amended Complaint. The remaining allegations in Paragraph 15 of the Amended Complaint state a legal conclusion to which no response by the Defendant is required. To the extent that the remaining allegations in Paragraph 15 of the Amended Complaint contain factual allegations, they are denied.

## Count I
## NEGLIGENCE

16. In response to Paragraph 16 of the Amended Complaint, the Defendant incorporates and restates each of its responses to Paragraphs 1 though 15 of the Amended Complaint as set forth in full herein.

17. In response to Paragraph 17 of the Amended Complaint, the Defendant admits that the Plaintiff was employed by the Defendant on February 5, 2005. The Defendant denies the remaining allegations contained in Paragraph 17 of the Amended Complaint.

18. In response to Paragraph 18 of the Amended Complaint, the Defendant denies that the Plaintiff was assaulted and battered. The remaining allegations in Paragraph 18 of the Amended Complaint state a legal conclusion to which no response by the Defendant is required. To the extent that the remaining allegations in Paragraph 18 of the Amended Complaint contain factual allegations, they are denied.

19. Paragraph 19 of the Amended Complaint states a legal conclusion to which no response by the Defendant is required. To the extent that Paragraph 19 contain factual allegations, they are denied.

20. Paragraph 20 of the Amended Complaint states a legal conclusion to which no response by the Defendant is required. To the extent that Paragraph 20 contain factual allegations, they are denied.

21. Paragraph 21 of the Amended Complaint states a legal conclusion to which no response by the Defendant is required. To the extent that Paragraph 21 contain factual allegations, they are denied.

22. Paragraph 22 of the Amended Complaint states a legal conclusion to which no response by the Defendant is required. To the extent that Paragraph 22 contain factual allegations, they are denied.

23. Paragraph 23 of the Amended Complaint states a legal conclusion to which no response by the Defendant is required. To the extent that Paragraph 23 contain factual allegations, they are denied.

24. In response to Paragraph 24 of the Amended Complaint, the Defendant avers that it can neither admit nor deny that the Plaintiff was "viciously attached" as the Defendant does not understand this statement. The remaining allegations contained in Paragraph 24 of the Amended Complaint state a legal conclusion to which no response is necessary. To the extent that Paragraph 24 contains factual allegations, they are denied.

25. The Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of the Amended Complaint and, therefore, denies the allegations in Paragraph 25.

26. The Defendant is without knowledge or information to form a belief as to the truth of the allegations with respect to the Plaintiff's alleged "fear of his safety and well being" or the Plaintiff's alleged "physical, psychological and emotional injuries," and therefore denies those allegations. The remaining allegations in Paragraph 26 of the Amended Complaint state a legal conclusion to which no response by the Defendant is required. To the extent the remaining allegations in Paragraph 26 of the Amended Complaint contain factual allegations, those factual allegations are denied.

27. The first sentence of Paragraph 27 of the Amended Complaint states a legal conclusion to which no response by the Defendant is required. To the extent the first sentence of

Paragraph 27 of the Amended Complaint contains factual allegations, they are denied. In response to the second sentence of Paragraph 27 of the Amended Complaint, the Defendant is without knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies those allegations.

## Count II
## FAILURE TO MAINTAIN A SAFE WORK ENVIRONMENT

28. In response to Paragraph 28 of the Amended Complaint, the Defendant incorporates and restates each of its responses to Paragraphs 1 though 27 of the Amended Complaint, as set forth in full herein.

29. Paragraph 29 of the Amended states a legal conclusion to which no response by the Defendant is required. To the extent that Paragraph 29 contain factual allegations, they are denied.

30. Paragraph 30 of the Amended Complaint states a legal conclusion to which no response by the Defendant is required. To the extent that Paragraph 30 contain factual allegations, they are denied.

31. In response to Paragraph 31 of the Amended Complaint, the Defendant avers that it is without sufficient knowledge or information to form a belief as to the truth that the Plaintiff "suffered bodily injury, pain and suffering, disability, mental anguish, loss of the capacity for the enjoyment of life" and therefore denies those allegations. The remaining allegations in Paragraph 31 o the Amended Complaint state a conclusion of law to which no response by the Defendant is required. To the extent that the remaining allegations in Paragraph 31 contain factual allegations, those factual allegations are denied.

32.     Paragraph 32 of the Amended Complaint states a legal conclusion to which no response by the Defendant is required. To the extent that Paragraph 32 contains factual allegations, they are denied.

33.     Paragraph 33 of the Amended Complaint states a legal conclusion to which no response by the Defendant is required. To the extent that Paragraph 33 contains factual allegations, they are denied.

34.     In response to Paragraph 34 of the Amended Complaint, the Defendant avers that it is without sufficient knowledge or information to form a belief as to the truth that the "Plaintiff has expended personal funds for hospital and medical care and treatment, expenses for medical and psychological care and treatment, loss of earnings and the loss of ability to earn money" and therefore denies these allegations. The Defendant further avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 34 of the Amended Complaint and, therefore, the Defendant denies these allegations. The remaining allegations in Paragraph 34 of the Amended Complain state a legal conclusion to which no response by the Defendant is required. To the extent that the remaining allegations in Paragraph 34 contain factual allegations, these factual allegations are denied.

## Count III
## NEGLIGENT SUPERVISION

35.     Paragraph 35 of the Amended Complaint states a legal conclusion to which no response by the Defendant is required. To the extent that Paragraph 35 contains factual allegations, they are denied.

7

36. Paragraph 36 of the Amended Complaint states a legal conclusion to which no response by the Defendant is required. To the extent that Paragraph 36 contains factual allegations, they are denied.

37. Paragraph 37 of the Amended Complaint states a legal conclusion to which no response by the Defendant is required. To the extent that Paragraph 37 contains factual allegations, they are denied.

38. Paragraph 38 of the Amended Complaint states a legal conclusion to which no response by the Defendant is required. To the extent that Paragraph 38 contains factual allegations, they are denied.

## Count VI
## VIOLATION OF THE D.C. HUMAN RIGHTS ACT

39. In response to Paragraph 39 of the Amended Complaint, the Defendant incorporates and restates each of its responses to Paragraphs 1-38 of the Amended Complaint, as set forth in full herein.

40. The Defendant denies the allegations in Paragraph 40 of the Amended Complaint.

41. Paragraph 41 of the Amended Complaint contains a legal conclusion to which no response by the Defendant is required. To the extent that Paragraph 41 contains factual allegations, they are denied.

42. Paragraph 42 of the Amended Complaint contains a legal conclusion to which no response by the Defendant is required. To the extent that Paragraph 42 contains factual allegations, they are denied.

43. In response to Paragraph 43 of the Amended Complaint, the Defendant avers that it can neither admit nor deny that, "[t]hat account of his injury on the jury the Plaintiff belonged to a protected class of workers . . ." as the Defendant does not understand the meaning of this

8

statement. The remainder of Paragraph 43 of the Amended Complaint states a legal conclusion to which no response by the Defendant is required. To the extent that Paragraph 43 contains factual allegations, they are denied.

### Count V
### INFLICTION OF EMOTION DISTRESS

44. Paragraph 44 of the Amended Complaint states a legal conclusion to which no response by the Defendant is required. To the extent that Paragraph 44 contains factual allegations, they are denied.

45. In response to Paragraph 45 of the Amended Complaint, the Defendant avers that it lacks knowledge or information to form a belief as to the truth of any allegations regarding the Plaintiff's alleged "mental and emotional distress, pain and suffering and other injuries" and, therefore, denies those allegations. The remaining allegations in Paragraph 45 of the Amended Complaint state legal conclusions to which no response by the Defendant is required. To the extent that the remaining allegations in Paragraph 29 of the Amended Complaint contain factual allegations, those allegations are denied.

### PRAYER FOR RELIEF

The Defendant denies that the Plaintiff is entitled to the relief sought or any relief whatsoever.

### JURY DEMAND

In response to the Plaintiff's JURY DEMAND, the Defendant denies that there are any triable issues of fact in this action.

All remaining allegations of the Amended Complaint not specifically admitted are hereby denied.

## FIRST DEFENSE

The Plaintiff's Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Plaintiff has not suffered damages in the manner, or to the extent, alleged.

## THIRD DEFENSE

The Plaintiff's claims for relief may be barred, in whole or in part, by the doctrines of estoppel and unclean hands.

## FOURTH DEFENSE

The Plaintiff's claims are time barred by the applicable statutes of limitations.

## FIFTH DEFENSE

The Plaintiff has failed to mitigate his damages, his entitlement to which is expressly denied.

## SIXTH DEFENSE

The Plaintiff lacks a good faith factual basis for his claims in whole or in part, thereby entitling the Defendant to an aware of attorney's fees, costs and expenses incurred in defending this action.

## SEVENTH DEFENSE

All of Defendant's actions with regard to Plaintiff were taken, made and done in good faith for legitimate, non-discriminatory, business reasons, or business necessity, as that doctrine may be applicable.

## EIGHTH DEFENSE

Any claims by the Plaintiff based in whole or in part upon any alleged emotional injuries or the like are barred because the Plaintiff's sole and exclusive remedy, if any, for such injuries are governed by the applicable workers' compensation law, and the Plaintiff has failed to pursue and exhaust his remedies, if any, under this law.

## NINTH DEFENSE

The Complaint, and each purported cause of action contained therein, is barred and fails to state facts sufficient to constitute a cause of action against the Defendant because the injuries and damages allegedly incurred by the Plaintiff were not the result of any acts, omissions or other conduct of the Defendant, its agents, representatives, or employees.

## TENTH DEFENSE

Plaintiff is not entitled to receive punitive damages because he has not pled facts sufficient to support such an award, and in any event Defendants did not act with malicious or reckless indifference to any of Plaintiff's rights or commit any knowing, wanton, intentional, or malicious acts.

## **ELEVENTH DEFENSE**

The Defendant reserves the right, pending completion of discovery, to assert any additional defenses that may exist.

**WHEREFORE**, having fully answered and responded to the allegations of the Amended Complaint, the Defendant respectfully requests that:

1. The Plaintiff's claims be dismissed with prejudice in their entirety;
2. Each and every prayer for relief contained in the Amended Complaint be denied;
3. Judgment be entered in favor of the Defendant;
4. All costs, including reasonable attorney's fees, be awarded to the Defendant and against the Plaintiff pursuant to applicable laws; and
5. The Defendant be awarded such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/
Barbara L. Johnson (Bar No. 480189)
Courtney R. Mueller (DC Bar No. 489134)
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
875 15th Street, NY
Washington, D.C. 20005
Telephone: (202) 551-1700
Fax: (202) 551-1705

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2006, I electronically transmitted the foregoing Defendant's Answer and Defenses to Plaintiff's Amended Complaint via this Court's CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

>Nigel L. Scott
>Scott & Yallery-Arthur
>7306 Georgia Avenue, N.W.
>Washington, DC 20012
>Phone: (202) 882-5770
>Fax: (202) 772-0040
>
>Counsel for Plaintiff

/s/
Barbara L. Johnson