IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ASHENAZI LEGESSE,<br><br>Plaintiff,<br><br>v.<br><br>RITE AID CORPORATION, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:06-CV-00495 |

**DEFENDANT RITE AID'S PARTIAL MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT AND
SUPPORTING MEMORANDUM OF LAW**

I.  **Introduction and Procedural History**

Plaintiff Ashenazi Legesse ("Plaintiff") worked for Defendant Rite Aid Corporation ("Rite Aid" or "Defendant"). On February 17, 2006, Plaintiff filed a Complaint in the Superior Court of the District of Columbia, Civil Division. On March 16, 2006, Defendant timely filed a Notice of Removal, removing the matter to this Court based on the Court's diversity jurisdiction. Defendant filed a Motion to Dismiss the Plaintiff's Complaint on March 23, 2006. On April 10, 2006, Plaintiff filed his Opposition to Defendant's Motion to Dismiss and submitted a Motion for Leave to file an Amended Complaint, attaching an Amended Complaint to his Motion. On April 24, 2006, Defendant filed its Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss. On November 15, 2006, this Court granted Plaintiff's Motion for Leave to Amend his Complaint and denied as moot Defendant's Motion to Dismiss Plaintiff's original Complaint without prejudice to renewal as appropriate as to the Amended Complaint. Plaintiff's Amended Complaint was filed by this Court on November 15, 2006.

The Plaintiff's Complaint is facially defective and, for the reasons articulated below, the Defendant brings this Partial Motion to Dismiss in accordance with Federal Rule of Civil Procedure 12(b)(6), and will demonstrate that the Plaintiff's claims for Failure to Maintain a Safe Work Environment and Emotional Distress should be dismissed with prejudice and in their entirety.

## II. Defendant's Argument In Support of Its Partial Motion To Dismiss Plaintiff's Amended Complaint.

### A. The Applicable Legal Standards

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint is to be "liberally construed in the plaintiff's favor, including any inferences derived from the factual allegations," Slaby v. Fairbridge, 3 F. Supp. 2d 22, 27 (D.D.C. 1998), but the Court "is not required to accept inferences unsupported by the facts" or "accept plaintiff's legal conclusions." Id. See also Murphy v. PriceWaterhouseCoopers, LLP, 357 F. Supp. 2d 230, 237-38 (D.D.C. 2004) (same). In its examination, the court may consider "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-26 (D.C. Cir. 1997). In the end, the claims set forth in a complaint must be dismissed if they are not legally cognizable. See Slaby, 3 F. Supp. 2d at 27.

### B. Plaintiff's Causes of Action For Failure To Maintain A Safe Work Environment and Emotion Distress Are Barred By The Workers' Compensation Exclusivity Provision.

When an employee subject to the District of Columbia Workers' Compensation Act ("WCA") is injured in the workplace, an award under the WCA is exclusive remedy, and, therefore, all other rights and remedies of the employee at common law are excluded. See D.C. Code § 36-304(b); see also, Everson v. Medlantic Health Care Group, 414 F. Supp.2d 77, 86

(D.D.C. 2006)("The District of Columbia Workers' Compensation Act provides the exclusive remedy for any workplace injury that falls within its scope"). The WCA is the exclusive remedy for a workplace injury even if the injury is the result of the willful and intentional assault of either a fellow-employee or a third person. See Tatum v. Hyatt Corp., 918 F. Supp. 5, 8 (D.D.C. 1994)(rejecting employee's common law claims alleging sexual harassment by a co-worker because "the District of Columbia Workers' Compensation Act . . . provides the exclusive remedy for plaintiff's workplace injury;" see also, Grillo v. Nat'l Bank of Washington, 540 A.2d 743, 751 (D.C. 1988)(finding that under the WCA, "compensable injury includes 'an injury caused by the willful act of a third person,' and that 'the language unquestionably provides coverage for the injury caused by a third party.'")(internal cites omitted).

The WCA exclusivity provision applies not only to claims based on assault by a fellow-employee, but also to claims of emotional distress where the underlying cause (i.e., the alleged assault) is covered by the WCA. See Treadway v. District of Columbia, 403 A.2d 732 (D.C. 1979) (holding that appellant's cause of action for mental anguish was barred by the exclusivity provision of the Federal Employees' Compensation Act ("FECA") because the physical injuries that the appellant pled as the underlying cause of her psychic damage were also covered by the FECA).

Rite Aid is required, under the WCA, to carry Workers' Compensation Insurance. See D.C. Code § 32-1501(10). The Plaintiff, an employee of Rite Aid, was covered by Rite Aid's Workers' Compensation Plan on February 5, 2005, the date he was alleged assaulted by a fellow-employee. For this reason, the Plaintiff's claims for Failure to Maintain a Safe Work Environment and Emotional Distress are barred by the exclusivity provision of the WCA.

Here, the Plaintiff has alleged no set of facts to support his claims for Failure to Maintain a Safe Work Environment or Emotional Distress that would indicate that he intends to rely on any facts separate and distinct from the alleged February 5, 2005 assault. As articulated above, District of Columbia Courts have made clear that the willful and intentional assault of a fellow-employee falls within the exclusivity provision of the WCA. See Tatum v. Hyatt Corp., 918 F. Supp. at 8. The Plaintiff has failed to articulate, or even allude to any facts in support of his allegations that do not rely on the alleged February 5, 2005 assault. Accordingly, the Plaintiff's claims for Failure to Maintain a Safe Work Environment and for Emotional Distress flow directly from the alleged assault and battery and are, therefore, barred by the WCA. For this reason, Plaintiff's claims for Failure to Maintain a Safe Work Environment and Emotional Distress should be dismissed with prejudice pursuant to the District of Columbia WCA.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's claim for failure to maintain a safe work environment fails is barred by the workers' compensation exclusivity doctrine and, therefore, fails to state any claim upon which relief can be granted. Therefore, Rite Aid respectfully requests that the Plaintiff's claim for failure to maintain a safe work environment, as pled in the Plaintiff's Amended Complaint, be dismissed with prejudice.

Respectfully submitted,

Barbara L. Johnson (D.C. Bar # 480189)
Courtney Mueller (D.C. Bar # 489134)
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
875 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 551-1700

Dated: November 30, 2006          Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2006, a copy of the foregoing Memorandum in Support of Defendant's Partial Motion to Dismiss was sent via this Court's electronic filing system, as well as by first class, postage-prepaid U.S. Mail to:

Nigel L. Scott
Scott & Yallery-Arthur
7306 Georgia Avenue, N.W.
Washington, D.C. 20012
(202) 882-5770 (telephone)
(202) 772-0040 (facsimile)

Counsel for Plaintiff

_____
Barbara L. Johnson