IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ASHENAZI LEGESSE | : | |
| | : | CASE NUMBER: 1:06CV00495 |
| Plaintiff, | : | JUDGE: Royce C. Lamberth |
| v | : | DOCK TYPE: Personal Injury/Malpractice |
| | : | |
| RITE AID CORP., et al. | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS

COMES NOW the Plaintiff, Ashenazi Legesse, by and through counsel, Nigel L. Scott and in Opposition to the Partial Motion to Dismiss filed by the Defendant Rite Aid states as follows:

1. That the Defendant's Partial Motion for dismissal of the cause of action should be denied.

2. That the Partial Motion for Dismissal raises factual issues that cannot be determined in the context of a Motion to dismiss.

3. That the Amended Complaint sets forth facts under which relief could be granted consistent with the allegations of the Complaint that are not barred by the District of Columbia Workers' Compensation Act (WCA) since the WCA is not provide the exclusive remedy.

4. That in further support of the Opposition to the Motion to Dismiss Plaintiff refers the Court to the Memorandum of Points and Authorities in support of the Opposition.

WHEREFORE the premises considered, Plaintiff, through counsel, respectfully requests that the Court dismiss the Defendant's Partial Motion to Dismiss Count   of the Amended Complaint.

Respectfully Submitted,

_____
Nigel L. Scott, Esquire
Bar No. 214494
SCOTT & YALLERY-ARTHUR
7306 Georgia Avenue, N.W.
Washington, D.C. 20012
(202) 882-5770
(202) 722-0040 Fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Opposition to Defendants Motion to Dismiss along with Memorandum of Points and Authorities and Order were mailed, postage prepaid to Barbara L. Johnson, Esquire and Courtney Mueller, Esquire, at PAUL, HASTINGS, JANOFSKY & WALKER, LLP, 875 15th Street, N.W., Washington, D.C. 20005, this _____ day of _____, 2006.

_____
Nigel L. Scott, Esquire

H:\nigel\PI\LEGESSE Ashenafi\12-29-2006 Opposition to Def Partial Motion to Dismiss.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ASHENAZI LEGESSE | : | |
| | : | CASE NUMBER: 1:06CV00495 |
| Plaintiff, | : | JUDGE: Royce C. Lamberth |
| v | : | DOCK TYPE: Personal Injury/Malpractice |
| | : | |
| RITE AID CORP., et al. | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OF POINTS AND AUTHORITIES

ARGUMENT

A motion under Rule 12(b)(6) to dismiss for failure to state a claim should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson, 355 U.S. 41, 45-46 (1957).* "to that end, the complaint is construed liberally in the plaintiff's favor, and …plaintiff {receives} the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).* Moreover, a complaint that sets forth a legally cognizable claim should not be dismissed pursuant to Rule 12 (b)(6).

Defendant correctly cites the Workers' Compensation Act to the effect that it provides the exclusive remedy for any workplace injury **that falls within its scope. (Emphasis supplied).** The issue is whether a particular injury falls "within the scope of the Act." A determination of whether an injury falls within the scope of the Act is a factual determination that lies outside of and not within the narrow purview of the Act as it pertains to Rule 12(b)(6). To determine whether the injury fell within the scope of the WCA requires an analysis of facts that are not necessary for consideration of a 12(b)(6) motion.

Defendant's Partial Motion to Dismiss places a narrow focus on the incident that

occurred on February 5, 2005, while omitting from consideration the other aspects of the Complaint that go to the employer-employee relationship. It also omits consideration of the environment created by the action or inaction of the employer and its causal relationship to the injury that occurred in the workplace. Absent a presentation of facts that address the causal relationship between the injury and the workplace, the Court would not have the evidence and information needed to decide whether the remedies provided in the WCA apply to the facts of record. Consequently, there is no factual basis in the record to support the Defendant's Partial Motion to Dismiss.

Contrary to the Defendant's assertion that Plaintiff "has alleged no set of facts to support his claims for Failure to Maintain a safe Work Environment or Emotional Distress," the Amended Complaint states a claim against the Defendant and avers the Defendant neglected to take any action to correct the co-worker's known behavioral problems because of their general negligence and neglect toward of the Plaintiff and the negligent supervision of the co-worker, Mike that resulted in an unsafe environment. It will be up to the trier of fact to decide whether the exclusive remedy to be applied to the situation is the WCA, however, such a determination cannot be made in the context of Rule 12(b)(6).

The Court has already dealt with the question of whether the Amended Complaint contains facts that are sufficient to meet the requirements of Rule 12(b)(6). The Defendant raises factual issues that more properly lie in a Motion for Summary Judgment under Rule 56. In general, the Court treats a Rule 12(b)(6) Motion that raises factual issues as a Motion for Summary Judgment.

Plaintiff's Amended Complaint alleges that the Defendant committed the tort of Intentional infliction of emotional distress independent of the assault and battery that occurred on

February 5, 2005 because of the allegation that the Defendant Mike engaged in a pattern of behavior which was designed to traumatize and harm the Plaintiff; these actions were independent of the assault and battery that was only one in a series of acts that cumulatively caused the Plaintiff to suffer emotional distress.

CONCLUSION

The arguments presented by the Defendant in the Partial Motion to dismiss are not valid with respect to a 12(b)(6) motion.  Plaintiff has stated cognizable claims for consideration by the Court for Failure to maintain a safe Work Environment or Emotional Distress. "The Court may dismiss a complaint for failure to state a claim, only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegation.  Hishon v King & Spaulding 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); Atchison v. District of Columbia, 731 F.2d 418, 422 D.C. Cir 1996.

Accordingly, it is respectfully requested that the Defendant's Motion be denied.

                                                                 _____
Nigel L. Scott, Esquire
Bar # 214494
SCOTT & YALLERY-ARTHUR
7306 Georgia Avenue, N.W.
Washington, D.C.  20012
(202) 882-5770
(202) 722-0040 Fax

H:\nigel\PI\LEGESSE Ashenafi\5-4-2006 Opposition to Def Partial Motion to Dismiss.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASHENAZI LEGESSE | : |
| | : CASE NUMBER: 1:0CV00495 |
| Plaintiff, | : JUDGE: Royce C. Lamberth |
| | : |
| v | : DECK TYPE: Personal Injury/Malpractice |
| | : |
| RITE AID CORP., et al. | : |
| | : |
| Defendants. | : |

ORDER

UPON CONSIDERATION of the foregoing Plaintiff's Opposition to the Defendants' Partial Motion to Dismiss the Plaintiff's claim for failure to maintain a Safe Work Environment and Emotional Distress with prejudice, it is this _____ day of _____, 2006

ORDERED, that the Partial Motion to Dismiss is DENIED.

_____
JUDGE

Copies to:

Nigel L. Scott, Esquire
SCOTT & YALLERY-ARTHUR
7306 Georgia Avenue, N.W.
Washington, D.C. 20012

Barbara L. Johnson, Esquire
Courtney Mueller, Esquire
PAUL, HASTINGS, JANOFSKY & WALKER,
875 15TH Street, N.W.
Washington, D.C. 20005

H:\nigel\PI\LEGESSE Ashenafi\5-4-2006 Opposition to Def Partial Motion to Dismiss.doc