IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASHENAZI LEGESSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06-CV-00495 |
| ) | |
| RITE AID CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT RITE AID'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PARTIAL MOTION TO DISMISS**

**I.      INTRODUCTION**

In response to Rite Aid's Partial Motion to Dismiss, Plaintiff filed Plaintiff's Memorandum of Points and Authorities in support of Plaintiff's Opposition to Defendant's Partial Motion to Dismiss ("Opposition").  The Opposition is, in effect, an admission that Rite Aid's Partial Motion to Dismiss must be granted as Plaintiff fails to address Rite Aid's argument as to why two causes of action set forth in Plaintiff's Amended Complaint – failure to maintain a safe work environment and emotional distress – should be dismissed.  Rather, Plaintiff's Opposition sidesteps the arguments in Rite Aid's Partial Motion to Dismiss, claiming instead, entirely without merit, that Rite Aid's Partial Motion to Dismiss cannot be decided within the narrow parameters of Rule 12(b)(6).  Thus, for the reasons articulated more fully below, Defendant asks that this Court grant Defendant's Partial Motion to Dismiss.

**II.  ARGUMENT**

   **A.  Count II and Count V of Plaintiff's Amended Complaint Must be Dismissed as a Matter of Law For Failure to State a Claim For Which Relief Can Be Granted.**

A court will grant a motion to dismiss for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Accordingly, at this stage in the proceedings, a court accepts as true all of the complaint's factual allegations and draws all reasonable inferences in favor of the plaintiff.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  However, the defendant is entitled to judgment if there are no allegations in the complaint which, even if proven, would provide a basis for recovery.  See Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

In his Amended Complaint, Plaintiff claims that Rite Aid is responsible for certain injuries that Plaintiff allegedly suffered on February 5, 2005 because Rite Aid breached its legal duty to maintain a safe work environment.  Plaintiff further claims that, as a result of this breach and the injuries that he allegedly suffered on February 5, 2005, Plaintiff experienced emotional distress.

Section 36-304(b) of the District of Columbia Code provides that when an employee subject to the District of Columbia Workers' Compensation Act ("WCA") is injured in the workplace, an award under the WCA is exclusive remedy.  See D.C. Code § 36-304(b).  All other rights and remedies of the employee at common law are excluded.  See Everson v. Medlantic Health Care Group, 414 F. Supp. 2d 77, 86 (D.D.C. 2006)("The District of Columbia Workers' Compensation Act provides the exclusive remedy for any workplace injury that falls

within its scope"). The WCA is the exclusive remedy for a workplace injury even if the injury is the result of the willful and intentional assault of either a fellow-employee or a third person. See Tatum v. Hyatt Corp., 918 F. Supp. 5, 8 (D.D.C. 1994)(rejecting employee's common law claims alleging sexual harassment by a co-worker because "the District of Columbia Workers' Compensation Act . . . provides the exclusive remedy for plaintiff's workplace injury"); see also, Grillo v. Nat'l Bank of Washington, 540 A.2d 743, 751 (D.C. 1988)(finding that under the WCA, "compensable injury includes 'an injury caused by the willful act of a third person,' and that 'the language unquestionably provides coverage for the injury caused by a third party.')(internal cites omitted). The WCA exclusivity provision applies not only to claims based on assault by a fellow-employee, but also to claims of emotional distress where the underlying cause (i.e., the alleged assault) is covered by the WCA. See Treadway v. District of Columbia, 403 A.2d 732 (D.C. 1979)(holding that appellant's cause of action for mental anguish was barred by the exclusivity provision of the Federal Employees' Compensation Act ("FECA") because the physical injuries that the appellant pled as the underlying cause of her psychic damage were also covered by the FECA).

In his Opposition, Plaintiff does not challenge Rite Aid's arguments with respect to the application of the District of Columbia WCA. Indeed, Plaintiff states, "[d]efendant correctly cites the Workers' Compensation Act to the effect that it provides the exclusive remedy for any workplace injury that falls within its scope." (Plaintiff's Memorandum in Opposition)(emphasis added). Nor, does Plaintiff challenge Rite Aid's citation to District of Columbia case law interpreting the District of Columbia WCA or the Act's exclusivity doctrine. It is, indeed, indisputable that, in the District of Columbia, the WCA provides the exclusive remedy for a covered employee injured in the workplace. See D.C. Code § 36-304(b); see also, Everson v.

Medlantic Health Care Group, 414 F. Supp. 2d 77, 86 (D.D.C. 2006).  It is further indisputable that the WCA remains the exclusive remedy even if the workplace injury is the result of an intentional assault of a co-worker.  See Tatum v. Hyatt Corp., 918 F. Supp. at 8 (D.D.C. 1994).  At no point in his Opposition does Plaintiff dispute this authority.  Further, at no point in his Opposition does Plaintiff argue that he was not a covered employee or that Rite Aid was not a covered employer under the District of Columbia WCA.  Plaintiff submits only that Rite Aid's Partial Motion to Dismiss must be denied because the arguments set forth by Rite Aid are "not valid with respect to a 12(b)(6) motion."

In his Opposition, Plaintiff claims that Rite Aid's Partial Motion to Dismiss must be denied because Rite Aid did not adequately describe the factual background of the employer/employee relationship and that Rite Aid omitted certain aspects of the relationship that caused Plaintiff's alleged injuries.  (Plaintiff's Memorandum in Opposition).  Such an exhaustive recitation of facts is, however, completely unnecessary for the purpose of deciding this Partial Motion to Dismiss.  Plaintiff submitted a detailed Amended Complaint.  Rite Aid introduced no facts beyond the scope of Plaintiff's Amended Complaint.  Plaintiff does not ask this Court to do anything more than that allowed by Rule 12(b)(6), requesting only that this Court accepts as true all of the Amended Complaint's factual allegations.  See Hishon v. King & Spalding, 467 U.S. at 73 (1984).

Plaintiff's Amended Complaint is flawed in that it presents two counts – Count II and Count V – for which this Court cannot grant relief.  It is well-settled, under the law of the District of Columbia, that claims for failure to maintain a safe work environment and emotional distress, as pled by Plaintiff in his Amended Complaint, are barred by the Workers' Compensation exclusivity doctrine.  See Everson v. Medlantic Health Care Group, 414 F.

Supp. 2d at 86 (D.D.C. 2006) )("The District of Columbia Workers' Compensation Act provides the exclusive remedy for any workplace injury that falls within its scope"); see also Treadway v. District of Columbia, 403 A.2d 732 (D.C. 1979) (holding that appellant's cause of action for mental anguish was barred by the exclusivity provision of the Federal Employees' Compensation Act ("FECA") because the physical injuries that the appellant pled as the underlying cause of her psychic damage were also covered by the FECA).

### III.  CONCLUSION

For the reasons set forth above and for those reasons articulated in Rite Aid's Partial Motion to Dismiss, Plaintiff's claims for failure to maintain a safe work environment and emotional distress, as articulated in Plaintiff's Amended Complaint, are facially defective.  These claims are barred by the workers' compensation exclusivity doctrine and, therefore are not claims for which this Court can grant relief.  As such, Rite Aid respectfully requests that Count II and Count V of Plaintiff's Amended Complaint be dismissed with prejudice.

Respectfully submitted,

   /s/ Barbara L. Johnson _____

Barbara L. Johnson (D.C. Bar # 480189)
Courtney Mueller (D.C. Bar # 489134)
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
875 Fifteenth Street, N.W.
Washington, D.C.  20005
(202) 551-1700

Attorneys for Defendant
Rite Aid Corporation

Dated:  January 8, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of January, 2007 I electronically transmitted the foregoing Defendant Rite Aid's Reply to Plaintiff's Opposition to Defendant's Partial Motion to Dismiss via this Court's CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

>Nigel L. Scott
>Scott & Yallery-Arthur
>7306 Georgia Avenue, N.W.
>Washington, D.C.  20012
>(202) 882-5770 (telephone)
>(202) 772-0040 (facsimile)
>
>Counsel for Plaintiff

      /s/ Barbara L. Johnson
      Barbara L. Johnson