UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ASHENAZI LEGESSE,                   )
                                    )
            Plaintiff,              )
                                    )
        v.                          )   Civil Action No. 06-00495 (RCL)
                                    )
RITE AID CORP., et. al.             )
                                    )
            Defendants.             )
                                    )
_____ )

### MEMORANDUM OPINION

This matter comes before the Court on defendant Rite Aid's Partial Motion [18] to Dismiss Counts II and V of plaintiff's Amended Complaint [11] pursuant to Rule 12(b)(6). Upon consideration of this motion, the opposition thereto, the reply brief, the applicable law, and the entire record herein, the Court concludes that defendant Rite Aid's Partial Motion [18] to Dismiss will be GRANTED.

### BACKGROUND

**I. Facts**

Plaintiff Ashenazi Legesse, a resident of Maryland, was an employee of a facility of Rite Aid Corp. located at 1815 Connecticut Ave., N.W. in the District of Columbia for a period of months up to and including February 5, 2005. (Pl.'s Am. Compl. [11], ¶ 1-5). Plaintiff alleges that he was abused and harassed by defendant Mike, a fellow Rite Aid employee, who "verbally abused, threatened to do body harm to the Plaintiff, insulted [Plaintiff], [and] used racial epithets

regarding [Plaintiff's] race, national origin and personal appearance in reference to the Plaintiff." (Pl.'s Am. Compl. [11], ¶ 6). Plaintiff also alleges that defendant Mike sprayed Lysol repeatedly on plaintiff. (Pl.'s Am. Compl. [11], ¶ 6). Plaintiff asserts that he made Rite Aid management aware of the ongoing harassment and abuse and no remedial steps were taken to correct the situation because of plaintiff's race and nationality. (Pl.'s Am. Compl. [11], ¶ 8). On February 5, 2005, defendant Mike allegedly brutally attacked and assaulted plaintiff during which plaintiff sustained serious injuries requiring him to take a medical leave of absence of work and undergo rehabilitation. (Pl.'s Am. Compl. [11], ¶ 6, 9-10). Plaintiff further alleges that when he tried to return to work, defendant Rite Aid denied him the opportunity to return. (Pl.'s Am. Compl. [11], ¶ 10). Plaintiff asserts that he was diagnosed and treated for physical, psychological, and emotional injuries as a result of the harassment and attack by defendant Mike. (Pl.'s Am. Compl. [11], ¶ 14).

Plaintiff filed an amended complaint in this matter on November 15, 2006 alleging five counts of negligence, failure to maintain a safe work environment, negligent supervision, violation of the D.C. Human Rights Act, and intentional infliction of emotional distress. (Pl.'s Am. Compl. [11], 5-10). Defendant Rite Aid filed a partial motion to dismiss on Count II for failure to maintain a safe work environment and Count V for intentional infliction of emotional distress. (Def.'s Mot. [18], 2).

## DISCUSSION

### I. Applicable Legal Standards

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), this Court must construe the allegations and facts in the complaint in

the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the facts alleged. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (*citing Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, this Court need not accept asserted inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. *See Kowal*, 16 F.3d at 1276; *Judicial Watch, Inc. v. Clinton*, 880 F. Supp. 2d 1, 7 (D.D.C. 1995) (Lamberth, J.). The Court will dismiss a claim pursuant to Rule 12(b)(6) only if the defendant can demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46.

**II. Defendant Rite Aid's Partial Motion to Dismiss**

The District of Columbia Workers' Compensation Act ("WCA") is the exclusive remedy for individuals injured in the workplace when those individuals are subject to the WCA and the workplace injury falls within the scope of the WCA. *See* D.C. Code § 36-304(b). *See also Everson v. Medlantic Health Care*, 414 F. Supp. 2d 77, 86 (D.D.C. 2006). The only injuries that fall outside the scope of the WCA are "injuries specifically intended by the employer to be inflicted on the particular employee who is injured." *Grillo v. National Bank of Washington*, 540 A.2d 743, 744 (D.C. 1988). Therefore, the WCA specifically covers injuries that are the result of wilful and intentional conduct of either a fellow employee or a third party. *See id.* at 751; *Tatum v. Hyatt Corp.*, 918 F. Supp. 5, 8 (D.D.C. 1994). WCA coverage also extends to claims for emotional distress or mental anguish where the underlying cause or tort is covered by the WCA. *See Tredway v. District of Columbia*, 403 A.2d 732, 735 (D.C. 1979).

In the instant case, Rite Aid is required to carry WCA insurance and plaintiff was covered

by WCA insurance on February 5, 2005 when he was allegedly assaulted by defendant Mike. (Def.'s Mot. [18], 3). The basis of plaintiff's complaint and the underlying cause of plaintiff's emotional distress claim is the assault on February 5, 2005. (Pl.'s Am. Compl. [11], ¶ 6). The assault was allegedly perpetrated on plaintiff by a fellow employee, which even though wilful and intentional, still falls squarely within the bounds of WCA coverage. *See Tatum*, 918 F. Supp. at 8. Though plaintiff claims that defendant Mike engaged in a pattern of harassing and abusive behavior toward plaintiff, these actions also fall within the scope of the WCA as injury resulting from the conduct of a fellow employee or third party. *See id.* Because the WCA is the sole remedy available for workers covered under the Act, plaintiff's complaint does not state a claim upon which relief can be granted because he is precluded from seeking remedies other than those provided for in the act. *See* D.C. Code § 36-304(b). The law in this jurisdiction is explicit about the breadth of the coverage of the WCA and its application is not, as the plaintiff states in his Opposition [21], a question for the trier of fact to decide. (Pl.'s Opp'n [21], 4). Therefore, this Court will grant defendant Rite Aid's partial motion [18] to dismiss pursuant to Rule 12(b)(6).

## **CONCLUSION**

For the reasons stated herein, this Court shall grant defendant Rite Aid's Partial Motion [18] to Dismiss Counts II and V of plaintiff's Amended Complaint [11].

A separate Order shall issue this date.

Signed Royce C. Lamberth, United States District Judge, April 23, 2007.