IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ASHENAZI LEGESSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:06-CV-00495 |
| | ) | |
| RITE AID CORPORATION, *et al.*, | ) | Judge Royce C. Lamberth |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## JOINT REPORT UNDER LOCAL CIVIL RULE 16.3

Pursuant to Local Rule 16.3(d) of the United States District Court for the District of Columbia, Federal Rule of Civil Procedure 26(f), and the Court's April 23, 2007 Order, counsel for Plaintiff Ashenazi Legesse and counsel for Defendant Rite Aid, after conferring via telephone on several occasions, hereby file this joint report.

### Brief Statement of the Case

As directed by the Court's April 23, 2007 Order, the parties report that Plaintiff alleges three causes of action against Defendant, his former employer.[1]  Plaintiff alleges that he was discriminated against based on his race, national origin, and personal appearance in violation of the District of Columbia Human Rights Act.  Plaintiff alleges that he was assaulted and battered by a co-worker while at work and that Defendant, aware of the violent tendencies of Plaintiff's

---

[1] Plaintiff's Amended Complaint alleged five causes of action against Defendant.  On November 20, 2006 Defendant filed a partial motion to dismiss Plaintiff's claims for failure to maintain a safe work environment (Count II) and intentional infliction of emotional distress (Count V). Plaintiff filed an opposition to Defendant's partial motion to dismiss and Defendant filed a timely reply.  On April 23, 2007, this Court granted Defendant's partial motion to dismiss.

co-worker, was negligent in not providing proper supervision of its employees and in not preventing the assault and battery allegedly suffered by Plaintiff.

Defendant categorically denies each and every one of Plaintiff's allegations and has raised numerous defenses to Plaintiff's Amended Complaint in its Answer. Defendant believes that discovery will demonstrate that there is no validity to Plaintiff's allegations and that summary judgment will be appropriate in this case.

## Matters Discussed by the Parties

The following information is provided in compliance with Local Rule 16.3(c):

*(1)     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

Defendant has filed two dispositive motions in this case, both of which have been ruled on by this Court. No dispositive motions are currently pending in this case. Defendant believes that a summary judgment motion is likely.

*(2)     The date by which any other parties shall be joined or the pleadings amended and whether some or all of the factual and legal issues can be agreed upon or narrowed.*

Neither party anticipates joining other parties at this time. Plaintiff has agreed to file a motion to dismiss all claims against the individually-named Defendant. On June 25, 2007, Plaintiff's counsel represented that the motion to dismiss would be filed on or before July 1, 2007. Plaintiff reserves the right to refile its complaint against the individual Defendant, pending the information obtained through discovery and the outcome of ongoing settlement discussions.

The parties agree that they will attempt to narrow the factual and legal issues, following completion of discovery.

> *(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

Defendant does not consent to assignment of this case to a magistrate judge. Plaintiff consents to assignment of this case to a magistrate judge.

> *(4) Whether there is a realistic possibility of settling this case.*

The parties agree that this case should be settled. However, Plaintiff does not believe that settlement is imminent. The parties remain actively engaged in settlement negotiations.

> *(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.*

The Defendant agrees to consider the possibility of mediation after discovery has closed. Plaintiff believes that the case is appropriate for mediation

> *(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

Defendant believes that this case can be resolved by summary judgment. Defendant proposes the following schedule should a summary judgment motion be filed. Plaintiff believes that the case may be not be resolved by summary judgment because of the factual nature of the allegations and defenses.

Dispositive motions should be filed not later than 30 days following the close of discovery; the opposition thereto should be due 20 days thereafter; and the reply should be due

15 days after the opposition is served. Defendant respectfully requests that a decision be issued 30 days after the submission of the parties' replies.

> (7)  Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F. R. Civ. P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

Plaintiff believes the parties should comply in full with the initial disclosures required by Fed. R. Civ. P. 26(a)(1). Defendant would dispense with Fed. R. Civ. P. 26(a)(1)(a)'s initial disclosure requirements.

> (8)  The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admission, and depositions.

The parties agree that 120 days is an adequate discovery period for this case. The parties agree that discovery will be conducted in accordance with Fed. R. Civ. P. 26 and the Local Rules of United States District Court for the District of Columbia. At present the parties do not foresee the need for a protective order. The parties, however, expressly retain the right to move the court for a protective order should the need for such an order arise.

> (9)  Whether the requirements of exchange of expert witness reports and information pursuant to Rule 26(a)(2) F. R. Civ. P., should be modified, and whether and when depositions of experts should occur.

The parties have not yet retained expert witnesses, however, the parties agree that they may use experts and will make disclosures pursuant to Fed. R. Civ. P. 26(a)(2).

> *(10)  In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for a decision.*

The parties agree that the matters set forth in Local Rule 16.3(c)(10) are not applicable to this case.

> *(11)  Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

The parties agree that neither the trial nor discovery should be bifurcated or managed in phases.

> *(12)  The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

The parties propose that the pre-trial conference be set for and held 30 days after the date on which the Court issues its decision on any summary judgment motion filed.

> *(13)  Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

The parties do not believe that a firm trial date should be set at this time. The parties propose that the trial date be set 30 to 60 days following the pre-trial conference.

    *(14)*    *Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

The parties are not aware of any additional matters that require inclusion in the scheduling order.

Respectfully submitted

| | |
|---|---|
| _____/s/ Nigel L. Scott (with permission)_____ | _____/s/ Courtney Mueller_____ |
| Nigel L. Scott (D.C. Bar # 214494) | Barbara L. Johnson (D.C. Bar # 480189) |
| Scott & Yallery-Arthur | Courtney Mueller (D.C. Bar # 489134) |
| 7306 Georgia Avenue, N.W. | Paul, Hastings, Janofsky & Walker, LLP |
| Washington, D.C. 20012 | 875 15th Street, N.W. |
| Phone: 202/882-5770 | Washington, D.C. 20005 |
| ***Counsel for Plaintiff*** | Phone: 202/551-1700 |
| | ***Counsel for Defendant*** |

Dated: June 25, 2007