UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ASHENAZI LEGESSE,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-495 (RCL) |
| **RITE AID CORP.,** *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

### SCHEDULING ORDER

Upon consideration of the jointly filed Rule 16.3 report filed by the parties on June 25, 2007, it is hereby

ORDERED that:

(1) This case shall proceed with the following deadlines:

(a) Expert witness designations for both plaintiff and defendants are due 60 days following the issuance of this Order;

(b) All discovery shall be concluded 120 days following the issuance of this Order;

(c) Dispositive motions are due 30 days following the close of discovery, oppositions thereto will be due 20 days thereafter, and replies to the oppositions will be due 15 days after the opposition is served;

(2) Each side is limited to a maximum of five (5) non-expert depositions and two (2) expert depositions. Each party is limited to a maximum of twenty-five (25) interrogatories,

including subparts. Each party is limited to a maximum of twenty (20) requests for production, including subparts. Each party is limited to twenty (20) requests for admissions, including subparts.

    (3) A status conference will be scheduled after disposition of any dispositive motion(s). Parties must bring full settlement authorities to this status conference. If settlement is not reached, a pretrial conference and trial date will be selected. Parties must be prepared at the status conference to advise the Court of the expected length of trial and of the number of fact and expert witnesses that each party will present, and whether the electronic courtroom will be needed. Trial counsel themselves must appear at all hearings, unless excused by the Court in advance of the hearing date.

    (4) Court dates and the deadline for the close of discovery may be continued only by leave of the undersigned. A motion for a continuance of a court date must include alternative dates that have been agreed to by all parties. Failure to provide such information may result in denial of the motion.

    (5) Deadlines (other than the deadline for the close of discovery) and discovery limits may be altered, when all parties consent, by the filing of a Consent Notice specifying the altered deadlines or limits and stating all parties' consent. The altered deadlines or limits shall be effective upon the filing of the Consent Notice; no court Order shall be required.

    (6) The parties and their counsel are expected to evaluate their respective cases for settlement purposes. Submission to alternative dispute resolution, *e.g.*, mediation or neutral evaluation, is encouraged and available upon request to the Court at any time, as is settlement conference before a magistrate judge. If the case settles in whole or in part, plaintiff shall advise the Court by promptly filing a stipulation.

(7)  All discovery disputes shall be referred to a Magistrate Judge.  Before bringing a discovery dispute to the Magistrate Judge, the parties shall confer in good faith in an effort to resolve the discovery dispute.

(8)  There shall be a Pretrial Conference set at the status conference.  Three weeks in advance of the Pretrial Conference, parties are required to meet and prepare a Joint Pretrial Statement that must be submitted not less than eleven (11) days prior to the Pretrial Conference in accordance with Local Rule 16.5(d)(5) and 16.5(a)(2).  At the meeting, the parties must discuss and attempt to resolve all objections to exhibits (including as to authenticity) and all motions *in limine*.

(9) Parties' written communication with the Court is to be by motion, opposition and reply, rather than by letter.  Oral inquiries concerning the status or scheduling of any pending matter shall be directed to the Courtroom Deputy Clerk rather than to chambers.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, July 5, 2007.